CANDLER *v.* THE FARMERS LOAN & TRUST COMPANY *et al.*

1. Where suit is brought for the recovery of a debt, and the declaration includes a proceeding for the foreclosure of a lien, which, arising out of the same transaction, was alleged to be a security for the payment of the principal debt sued for, the verdict of the jury thereon rendered covers both phases of the alleged liability of the defendant, and, being unexcepted to, concludes the parties as to all matters covered by the allegations of the declaration, although the verdict fails to express with such fullness and accuracy a finding for the plaintiff as will enable the court to decree fully as to all matters of relief sought. A finding for the plaintiff as to some of his contentions, and the silence of the verdict as to others thereof, is equivalent to a finding adversely to those contentions concerning which the verdict is silent.

2. Where suit is brought for the foreclosure of a contractor's lien for the construction of a railroad as an entire line of road, and as well for the recovery of a general judgment for the amount of the debt, as a security for which the alleged lien was created, and the jury upon the trial of the cause find generally for the plaintiff, but limit their finding as to the lien to only a portion of the line of railroad, such verdict, if acquiesced in by the plaintiff, becomes final; and that portion thereof relating to the lien being illegal because not sufficiently comprehensive to cover the subject upon which a lien of the character sought to be foreclosed could be lawfully imposed, the court in the rendition of a judgment thereon will construe the verdict as a finding against the claim of lien, and

will award judgment only, as at common law, for the amount of the debt sued for.

3. After an acquiescence in such a verdict until the time has passed within which a motion for a new trial may be made, it is too late to move to vacate the verdict as to the claim of lien, and, upon a petition for reinstatement, reopen the question for further adjudication. As to that, as well as to all other questions covered by the pleadings, the parties are concluded by the original finding of the jury.

April 1, 1895. Brought forward from last term. ·

Equitable petition. Before W. E. SIMMONS, judge *pro hac vice.* Hall superior court. January term, 1894.

The petition of A. D. Candler against the Farmers Loan & Trust Co. and others was dismissed on demurrer. It alleges, that on January 29, 1884, as railroad contractor he filed a petition to the superior court, setting forth his claim of lien against the Gainesville, Jefferson & Dahlonega Railroad Co., and praying for judgment for his claim, and for the establishment of his lien. At the August term, 1884, a verdict and judgment were rendered in his favor, and a lien was allowed on a part of the property of the railroad company; and thereupon the case was stricken from the docket by the court. All the property of the railroad company was sold by a receiver under order of the court and by consent of parties; and on a contest over the money arising from the sale, the Supreme Court held that plaintiff's verdict and judgment, in so far as they attempted to set up and enforce a lien upon a specified portion of the property, were void so far as the special lien was concerned. 87 *Ga.* 241. Afterwards, on his petition to amend said verdict and judgment, the Supreme Court held that they were not amendable. 92 *Ga.* 249. The money arising from the sale of the property is still in the hands of the receiver, and is therefore in the custody of the court undistributed; and plaintiff has a special lien thereon which he is entitled to foreclose, and he is entitled to said money on his lien in preference to all other claims. The effect of

the judgment declaring said verdict and judgment void on their face, was to leave the proceeding to foreclose his special lien still pending in court undisposed of, notwithstanding the same was stricken from the docket and no formal entry reinstating it has ever been made. If said judgment of the Supreme Court did not in law reinstate the case, it does entitle him to have it reinstated on motion. If said judgment of the Supreme Court does not entitle him to have the case reinstated without setting aside the void verdict and judgment on a formal motion therefor, it does entitle him to have the same set aside on motion. He therefore prays, that the case be reinstated formally on the docket, if that is necessary, and stand as though the void verdict and judgment as to his special lien had never been rendered; that if the court hold that no formal reinstatement on the docket is necessary, he be allowed to proceed as though the void verdict and judgment had never been rendered; that if it be necessary to formally set aside the void verdict and judgment before the case can be reinstated, said verdict and judgment as to his lien be set aside, and the case reinstated and stand as though this void verdict and judgment had never been rendered; that the receiver be required to hold the fund arising from the sale till this question of plaintiff's lien and right to the fund is finally settled, and a further order of distribution is granted; and that such other or further order be granted as he may in law be entitled to.

After sustaining the demurrer, the court decreed that the fund in the receiver's hands be awarded to the Farmers Loan & Trust Co. on the mortgage held by it and foreclosed in this case. To both rulings Candler excepted.

J. B. ESTES, W. I. PIKE, PRIOR & THOMPSON, S. C. DUNLAP and L. E. BLECKLEY, for plaintiff.

M. L. SMITH, H. H. PERRY and H. H. DEAN, *contra.*

ATKINSON, Justice.

The questions made in this case, except as hereinafter stated, are sufficiently set forth in the official report of the facts.

The motion to reinstate rests upon the hypothesis that the verdict originally rendered in the cause was void. If the verdict had been void in its entirety, the cause would have remained still pending and undetermined; but the vice of the hypothesis consists in the assumption that the entire verdict was void. It will be observed from an examination of the record in this case, a synopsis of which is contained in the plaintiff's petition, set forth in the official report, that the plaintiff's original suit was instituted for the recovery of a debt due by the defendant railroad company to him for labor performed as a contractor in and about the construction of its railroad, and, in addition thereto, for the foreclosure of a lien upon the railroad of the defendant. Upon the trial of that cause the jury found in favor of the plaintiff generally, but limited by the terms of its verdict the lien of the plaintiff to a portion of the railroad of the defendant. Whether this verdict was rendered by consent, or whether as the result of protracted litigation, the record does not disclose. In either event, however, it was the finding of the jury empaneled in that case for the trial of the issues of fact set forth in the pleadings. Upon the one hand was the allegation of the plaintiff of the fact of indebtedness and the existence of his lien upon the entire road of the defendant, and, presumably, on the other hand was the contention of the defendant to the contrary, although no written defense to that effect appears from the record to have been filed. The verdict in that cause was not excepted to; but a number of years after its rendition, upon the judgment based thereon, the plaintiff claimed a certain fund arising from the sale of the railroad property upon

which, by his original declaration, the plaintiff sought
to foreclose his lien. The judgment was attacked as
being void in so far as the same claimed to establish a
special lien upon that particular property, upon the
ground that if the lien of a contractor attached to a
railroad at all, it attached to the entire property, and was
not imposed by statute upon a fragment of it. The
court below sustained that exception to the judgment,
and this court, in 87 *Ga.* 241, in ruling the question,
employs this language, with reference to the particular
verdict now under consideration: "Section 1990 of the
code, providing for the foreclosure of liens on real
property, declares that if the lien is allowed, the verdict
shall set it forth and the judgment and execution be
awarded accordingly. It follows from what has already
been said, that a verdict and judgment attempting to set
up and enforce a lien upon a specified portion of a rail-
road are void upon their face, so far as the special lien is
concerned." The verdict is in the following language:
"That the plaintiff have a lien as a contractor to build
railroads upon that part of the Gainesville and Dah-
lonega railroad from its terminus in the city of Gaines-
ville, to the Chattahoochee river in Hall county, in-
cluding its right of way, road-bed, depot grounds and
all other property belonging to said railroad company,
for the sum aforesaid," etc.; and this court then adjudged
that such a verdict did not have the effect to set up a
lien upon the whole road referred to, but was simply an
ineffectual attempt to set up a lien upon a part thereof.
Afterwards the cause went back, and the plaintiff made
a motion to amend the verdict by extending the lien
thereunder declared so as to establish it upon the entire
road. This court decided, when the judgment upon the
allowance of this amendment was brought here for re-
view, that inasmuch as the verdict was void in the first
instance upon the subject of the lien, it was not amenda-

ble. The court, in passing upon that question, in 92 *Ga.* 253, used the following language: "The jury having expressly restricted the lien to a part of the railroad, the amendment made is absolutely repugnant to the verdict itself. If the verdict was not void, but only needed an amendment to make it certain, the pleadings could be resorted to for that purpose. But there is as much certainty that the verdict limits the lien to a part of the railroad as there is that any verdict was rendered. The amendment does not change uncertainty to certainty, but substitutes one certainty for another certainty. It is as impossible to doubt that the verdict as found by the jury did not declare a lien on the whole road, as it is to doubt that the amendment does declare such a lien. The judgment originally entered up conformed to the verdict; and as the verdict is not amendable, neither is the judgment amendable, for the two must correspond as to the extent of the lien which the one finds and the other seeks to enforce."

The proposition now is, to reopen for adjudication the entire question as to the existence of a lien in favor of the plaintiff. This was a valid verdict for the amount of the plaintiff's debt. It therefore cannot be said that it is a void verdict. It was ineffectual as asserting and establishing the lien, and void *pro tanto.* On exception taken in time, this partial invalidity of the judgment would have justified the court in avoiding it and awarding a new trial, provided the finding of the jury were not in harmony with the plaintiff's testimony seeking to establish his lien. If the jury had found contrary to the evidence and established only a partial lien, when, as a matter of law, the plaintiff was entitled to a lien upon the entire road, the court would doubtless have granted a new trial. But acquiescing in this verdict, it is as conclusive against the plaintiff as to those things it does not find as it is in his favor as to those things

v 96-4

which it does find. Let us, for illustration, suppose that the plaintiff had brought an action upon an open account against the defendant, and there had been a verdict, or even a confession of judgment, for a gross sum representing only some of the items of the account, such a verdict would not be void, but on the contrary, after the time had elapsed for setting it aside, the conclusive presumption would have been that the jury found adversely to the plaintiff upon those items not allowed in the verdict.   Suppose he had sued upon two promissory notes, and recovered a verdict upon one only, the plaintiff, acquiescing in the verdict, could not thereafter bring a suit upon one of the notes upon the supposition that, the jury having disregarded that note, he was still entitled to recover; nor could he afterwards upon motion reopen the whole question and ask the court to extend the verdict so as to make it embrace a finding upon the two notes.   Another familiar illustration may be found in the action of ejectment where mesne profits are sued for.   If the verdict should be in favor of the plaintiff for the premises in dispute and be silent as to mesne profits, it would be equally conclusive as though the jury had expressly declared in their finding that they found against the claim of mesne profits.   So we think it may be taken as one of the settled maxims of the law, that a verdict when once rendered is conclusive of all matters of fact upon which the parties are at issue by the pleadings.   This is as well established as the cognate principle, that a judgment fairly rendered is conclusive between the parties upon all contentions in the pleadings, either of law or fact, until reversed or set aside. If the verdict were unsatisfactory to the plaintiff and failed to find for him all of the issues to their fullest extent as presented by the declaration, it was his duty then to have excepted and moved for a new trial.   An acquiescence in the verdict in this case, as in any other,

until too late to move to set it aside, concludes the parties. It can make no difference that long after the rendition of the verdict it is ultimately decided in this court that as to some of the matters and things therein adjudged the verdict was void. It cannot be totally disregarded unless it be wholly void. If as to some of the matters and things adjudged it be legal and as to others illegal to the extent of rendering the findings thereon void, that which is legal will be enforced in favor of the plaintiff, and as to those things concerning which it is illegal it will be adjudged as finding against the contention of the plaintiff.

These considerations lead us to the conclusion, that however strong and apparent the moral equities in favor of this plaintiff may be, the courts cannot grant to him the relief he asks, without manifest violence to principles of law and rules of pleading which are absolutely essential to a well ordered judicial system.

Let the judgment of the court below be     *Affirmed.*