## AMERICAN HOME LIFE INS. CO. v. CITIZENS' STATE BANK OF HEADRICK.

No. 7610—Opinion Filed July 24, 1917.

Rehearing Denied Nov. 6, 1917.

(168 Pac. 437.)

**Evidence—Parol Evidence—"Deposit Slip."**

A deposit slip, executed by a bank and delivered to a depositor, is not a written contract in which all oral negotiations and stipulations are merged. but it is merely a receipt, constituting prima facie evidence that the bank received the sum stated at that time, which may be explained or contradicted by parol evidence.

(Syllabus by Hooker, C.)

Error from District Court, Jackson County; Frank Mathews, Judge.

Action by the American Home Life Insurance Company against the Citizens' State Bank of Headrick. Judgment for defendant, and plaintiff brings error. Affirmed.

T. M. Robinson, for plaintiff in error.

John D. Rogers, for defendant in error.

Opinion by HOOKER, C. The plaintiff alleges that on the 19th day of May, 1913, the sum of $815,29 was deposited in the defendant bank, which was a special deposit and was to be due and payable to it on December 15, 1913, and that on the 12th day of December, 1913, it drew upon the bank therefor, but that on the 27th day of December, 1913, the payment of said draft was refused, and this suit is instituted to recover said sum with interest thereon.

The answer of the bank admits that, on May 19, 1913, it made out a deposit slip for one O. P. Burkett, who was the agent for the plaintiff, showing a special deposit for $815,-29, and that it delivered said deposit slip to the said Burkett upon the following terms and agreement, to wit: First: That in consideration of the bank assisting Burkett in obtaining notes from parties recommended by the bank, and in consideration of the bank using its influence in good faith in assisting Burkett in procuring applications, the said Burkett would indorse over to the defendants such notes as the bank wanted at an agreed discount, which was to be the bank's compensation for services so rendered to him, but that the said Burkett agreed that neither he nor his company would use or draw the money out of the bank upon any deposit slip made by the bank upon such notes so discounted until each note was paid, and that at said time and on said date the said Burkett was the agent of the plaintiff, writing insurance for the plaintiff and taking notes for the premium due therefor, and that in conformity to the agreement thus made between them, the bank assisted said Burkett in good faith, and accepted as compensation for such services a discount of 10 per cent. upon such notes so indorsed to it, and that by virtue of said agreement it did make out the deposit slip attached to the petition here for $905,79, less $90.50 discount, to wit, for $815.29, payable to the plaintiff, and delivered the same to Burkett, the same being made a time deposit payable December 15, 1913, and after the maturity of all of the said notes, but that the plaintiff, in violation of said agreement, made a draft upon the defendant long before December 15, 1913, before any of said notes were due or had been paid, which said draft

was not paid by the defendant for the reason stated above, and thereafter, the defendant bank having ascertained that fraud was practiced by the agent, Burkett, in the procuring of the insurance contracts, the payment of which was evidenced by the notes aforesaid, it thereupon charged off this special deposit and tendered said notes to the company. The authority of the bank to engage in these transactions is not raised here.

It was further alleged in said answer that O. P. Burkett was, at the time of all of these transactions, the duly authorized agent of the plaintiff in error, and the reply filed to said answer does not deny said allegation under oath; therefore under our Code of Civil Procedure the question of agency stands admitted, and this case will be considered with this admission as true. It therefore follows that the plaintiff in error could have no greater rights nor stand in any better position by virtue of this subject-matter than Burkett himself could, were he instituting the suit to recover against the bank.

It is contended by the plaintiff in error that the bank had purchased these notes unconditionally for a discount of 10 per cent., and that neither it nor Burkett had any arrangement with the bank whereby the money was to be paid as evidenced by the deposit slip until the maturity of the notes thus purchased by the bank. The jury, however, passed upon this question of fact, and we are bound by the conclusions reached by the jury, as there is evidence here to support the verdict. That being true, we must consider this case from this view, that is, that the bank, in consideration of its services which it rendered to Burkett, was to receive this discount of 10 per cent., and that the money evidenced by the deposit slip was not to be withdrawn until the notes thus deposited with the bank for which the deposit slip was executed had been paid. This receipt or deposit slip is in words and figures as follows:

"Deposited by the American Home
 Life Insurance Company in the Citizens'
 Bank. Headrick, Oklahoma,
"5-19-1913.
 "Please list each check separately
        $905.79
         90.50

        $815.29
"Special. Payable December 15, 1913."

And it is clearly apparent upon the face hereof that this is merely a receipt for a special deposit payable on December 15, 1913. The Supreme Court of Kansas in the case of Talcott v. Bank, 53 Kan. 480, 36 Pac. 1066, 24 L. R. A. 737, said:

"It would not do to hold that an entry on a deposit slip or in a passbook is such written contract that all oral negotiations and stipulations are merged in the receipt or writing." Bank v. Clark, 134 N. Y. 368, 32 N. E. 38, 17 L. R. A. 580.

And in the syllabus of the above case, it is said:

"A passbook given by a bank to a depositor is not a written contract, but is prima facie evidence that the bank received the amounts at the dates therein stated, and binds the bank like any other form of receipt, and is open to explanation by evidence aliunde." "The entry may be explained or contradicted by parol evidence. Branch v. Dawson, 36 Minn., 193 [30 N. W. 545]."

In Davis & Bank, 53 Mich. 163, 18 N. W. 629, it is held:

"The bank book is no contract, and is only one of the means of indicating the state of the funds."

3 R. C. L. 531, states the rule as follows:

"An entry in the passbook, however, is not a written contract within the rule that parol evidence is inadmissible to vary a written contract, but it is in the nature of a receipt, and is prima facie evidence that the amount credited was received by the bank, and the entries may be explained or contradicted."

And at page 571 thereof it is said:

"An ordinary deposit slip, however, though signed by the cashier of the bank in which the deposit is made, is not a certificate of deposit."

It being permissible for the bank to show conditions under which this deposit was made, and the contentions involved here having been submitted to the jury under proper instructions of the court, and the verdict of the jury being supported by the evidence, the same is conclusive here.

The conditions under which this deposit was made have not been complied with, and the plaintiff in error would not be entitled to a judgment until the notes have been paid, which is not shown here.

The judgment of the lower court is affirmed.

By the Court: It is so ordered.