## 24181. GREESON *v.* FARMERS & MERCHANTS BANK.

MACINTYRE, J. 1. A husband may act as general agent for his wife. Where husband and wife are engaged in a business· enterprise and the money of the wife is deposited in a bank, the deposit slip showing the deposit as made by the wife, but the money is thereafter actually transferred by the bank, at the instance of the husband, to the credit of the account kept therein by the husband and wife in the name of the joint enterprise, and this is known by the wife and no objection is made, but she acquiesces therein, and the money is drawn out of the bank on checks by the husband on the account of the joint enterprise, the bank is not liable to the wife for the amount thereof, although no specific authority is given for the husband to thus draw such money.

2. By her silence and acquiescence in the transfer of the bank account, after knowledge thereof, the wife's ratification of such act of the bank, at the instance of her husband, may be implied. Evidence offered by the defendant bank, to the effect that while the deposit slip showed the money deposited to the separate account of the wife, such money was in fact placed to the credit of a joint business enterprise of the husband and wife, and thereafter drawn out on checks against this account by the plaintiff and her husband, was admissible in support of the defense urged by the bank. Such testimony did not violate the parol-evidence rule. See Civil Code (1910), §§ 4268, 5788, 5795; American Home Life Insurance Co. *v.* Citizens State Bank, 66 Okla. 198 (168 Pac. 437, L. R. A. 1918B, 296; 1 Morse on Banking, 676; 3 R. C. L. 542.

3. Under the facts of this case, the court did not err in charging the jury as follows: "Now, when you go to your jury-room, you ask yourselves this question: After this money was deposited in the Farmers & Merchants Bank to the credit of Mrs. Roy Greeson on August 20th in the year 1932, did she authorize, either expressly or by implication, her husband to draw upon her account? Now, in answering that question, you take into consideration all the oral testimony in this case, and you take into consideration all the written testimony, and if you answer that question in the affirmative, that she did authorize her husband to draw upon this account, either in her own name or in the name of the

Greeson Cash Market or his individual account, if you answer that in the affirmative you would say, 'We, the jury, find for the defendants.' On the other hand, if you answer that question in the negative, after considering all the facts and all the evidence in this case, if you answer that question in the negative, that is, that she authorized her husband to draw $250 on that account, if you answer that in the negative you would say, 'We, the jury, find for the plaintiff the sum of $444.93, with seven per cent. interest from demand.'" This charge was not subject to any of the criticisms urged.

4. The evidence supported the verdict, and the trial court properly overruled the plaintiff's motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED FEBRUARY 14, 1935.

*R. C. Whitman, M. F. Adams,* for plaintiff.
*Smith & Smith,* for defendant.