32070.  WIGHT *v*. BROWN.

DECIDED JULY 8, 1948.

378

*Carter & Carter, Sam P. McKenzie,* for plaintiff in error.
*Grover Middlebrooks,* contra.

FELTON, J. ■ The court did not err in striking that part of the answer which sought to plead a custom as to incompleted transactions. The contract provides that all commissions earned should be divided equally between the parties. This provision covers commissions earned on rentals and sales. The contract covers expressly the subject of what commission each party is entitled to *after* the termination of the contract. This provision covers commissions solely on leases or rental contracts originated by the salesman, and provides no commissions for sales under any circumstances, whether earned or originated by the salesman. Since the subject-matter of commissions after the termination of the contract is expressly covered by the contract, the inclusion of specific commissions excludes commissions of all kinds which are not expressed. It follows that a custom may not be shown to be a part of an unambiguous contract when the custom is inconsistent with or contrary to the express or necessarily implied terms of the contract. *Penn Mutual Life Ins. Co.* v. *Blount,* 33 *Ga. App.* 642 (127 S. E. 892), and cases cited. This part of the answer was also defective in that it did not define with a greater degree of definiteness the meaning of "incompleted transactions" and did not allege that the negotiations for the sales were going on when the plaintiff was relieved from the contract.

■ "It may be generally stated that one having completed his office as agent or in good faith severed his relationship is free to begin negotiations on his own behalf and may operate adversely to the interests of his former principal as fully as any other individual. Due to the previous trust relationship, however, such subsequent transactions will be subjected to a rigorous examination to see that the former agent did not abuse his position of trust and influence, or in any way fail in his attitude as agent

during the agency. An agent will not be permitted to terminate an agency in order to take advantage of his principal's condition or to profit by information resulting from his agency." 3 C. J. S., p. 28, § 146. See, in this connection, *Stein* v. *National Life Assn.*, 105 *Ga.* 821 (32 S. E. 615, 46 L. R. A. 150); 23 A. L. R. 423. One allegation, omitted from the statement of facts, is that the defendant suggested to the plaintiff that there were certain pending deals, not in contract form, on which the plaintiff had worked, and that it would be necessary to agree on such matters so that if sales were subsequently made the commission could be shared, but that the plaintiff denied that there were any such deals, and the defendant specifically alleged that there were such deals pending at the time the plaintiff severed his connection with the defendant. There are no allegations in the answer taking the case out of the general rule that when an agent severs his relationship in good faith he is free to negotiate on his own behalf. There is no allegation of bad faith. There is no allegation as to when the plaintiff began the negotiations for the sales while he was agent of the defendant. There is no allegation that these particular negotiations were in progress at the time the plaintiff withdrew from the agency. The allegation that some deals were pending is not an allegation that these particular deals were pending. There is no allegation that the plaintiff failed in any way to discharge his duties of trust and fidelity during the agency. There is no allegation that the plaintiff prevented the defendant from pursuing the effort to make the sale after the termination of the agency. The reverse is true because it is alleged that the defendant notified the purchasers before the sale was made by the plaintiff that he would expect a commission if the plaintiff made the sale. The listing of the property with the defendant was not an exclusive listing, presumably, as this is not alleged and the claim is not against the owner for violation of an exclusive listing contract. The mere fact that the property was for sale by reason of his employment would not alone be sufficient to establish a liability under the facts of the case and that fact is the only one alleged with sufficient particularity insofar as using confidential information and facilities is concerned. The case of Byrne *v.* Barrett, 268 N. Y. 199 (197 N. E. 217, 100 A. L. R. 680), cited by defendant, is clearly dis-

tinguishable from the case at bar on the facts. In that case the agent was the managing partner in the venture in question and was under duty of making full disclosure of the status of pending negotiations which he did not do. He lead his principals to believe that certain proposals were and would be unfruitful. He did not acquaint them fully with the status of the matter and give them the informed choice whether they would surrender the matter to him or compete with him on even terms. The case of Visigraph Typewriter Mfg. Co. v. S. Spiro Mfg. Co. (1923), 122 Misc. 852 (204 N. Y. Supp. 813), also turns on the failure of the agent to make full and fair disclosure of facts connected with the agency which were known to him and not to his principal.

The court did not err in sustaining the demurrers to the answer and in rendering final judgment for the plaintiff.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*