35576. LOVE *v.* HOCKENHULL.

CARLISLE, J. 1. Where, in an action to recover a general judgment against an alleged owner-contractor for materials and labor furnished to improve a designated tract of land, composed of three separately numbered lots located on a named street in DeKalb County, the jury returns a verdict in favor of the general judgment against the defendant owner-contractor for the amount alleged to be due, and also in the same verdict

878

finds in favor of the special lien on the described property, which is the entire tract, a judgment attaching the lien against only a portion of the property, to wit, one of the numbered lots, may be void (*Farmer's Loan & Trust Co.* v. *Candler,* 87 *Ga.* 241, 13 S. E. 560; *Candler* v. *Farmer's Loan & Trust Co.,* 96 *Ga.* 44, 22 S. E. 715), but the verdict attaching the lien to the entire tract, which was authorized by the evidence, is not void, and the fact that the judgment does not follow the verdict is not a proper ground of a motion for a new trial. *Potts* v. *City of Atlanta,* 140 *Ga.* 431 (79 S. E. 110); *Gray* v. *Conyers,* 70 *Ga.* 349; *Frazier* v. *Beasley,* 59 *Ga. App.* 500 (1 S. E. 2d 458).

2. Where, in such a case as indicated in division 1, the defendant, against whom the jury returned a verdict finding him liable personally for the materials and labor furnished under the alleged contract, does not in this court argue or generally insist upon the general grounds of his motion for a new trial as they appertain to that portion of the verdict, such grounds as to that portion of the verdict will be treated as abandoned.

3. Where, in such a case as indicated in division 1, it appears that the claim of lien upon which the action is partly based was recorded in the records of the Superior Court of DeKalb County, and recites that the lien is claimed on the property of the defendant, naming him, "located at DeKalb County, Georgia, 5532 Clay Drive, 5536 Clay Drive, 5540 Clay Drive," the property on which the lien is sought to be attached is sufficiently described to constitute a compliance with the requirements of Code § 67-2002 (2) concerning the description of the premises upon which the lien is sought (*Horton* v. *Murden,* 117 *Ga.* 72, 43 S. E. 786; *Brice* v. *Sheffield,* 118 *Ga.* 128, 44 S. E. 843; *Blumberg* v. *Nathan,* 190 *Ga.* 64, 8 S. E. 2d 374); and the lien is not inadmissible as inadequately describing the property, nor is it inadmissible for any of the other reasons assigned in special ground 1 of the motion for new trial.

4. In consequence of what has been said in the foregoing divisions of this opinion, the trial court did not err in denying the motion for new trial, which consisted of the general grounds as they related to the special lien and one special ground.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

Decided April 19, 1955.

*W. L. Nix,* for plaintiff in error.
*Allison & Pittard, Paul Webb, Jr.,* contra.