39568.   BURNS BRICK COMPANY v. ADAMS.

DECIDED JULY 6, 1962—REHEARING DENIED JULY 26, 1962.

*Miller, Miller & Miller,* for plaintiff in error.

*Buckner F. Melton,* contra.

FELTON, Chief Judge. ■ The first ground of the amended motion for new trial contends that the court erred in removing from the jury's consideration the $626.80 counter-claim of the defendant and in failing to give the following requested charges. "Burns Brick Company in its answer admits it owed Mr. Adams $800.65, and it is uncontradicted that this amount was offered to Mr. Adams before the suit was filed. In arriving at this figure of $800.65, the defendant has deducted the sum of $626.80, which it claims it lost because of the fault, oversight and mistake of plaintiff. In this connection, I charge you that an agent, such as Mr. Adams, is charged with exercising ordinary care and

diligence in and about the matters connected with his agency, so far as his liability to his principal, Burns Brick Company, is concerned. I now charge you the definition of ordinary care and diligence. In general, ordinary care and diligence is that degree of care and diligence which is exercised by ordinarily prudent persons under the same or similar circumstances. Applied to preservation of property, ordinary diligence means that care which every prudent man takes of his own property of a similar nature. The absence of such diligence is termed ordinary negligence. I charge you that if you find that Burns Brick Company did suffer a loss or expense of $626.80 as it contends, and that such loss was caused by the failure of plaintiff to exercise ordinary care and diligence in the matters, as contended by the defendant, then the defendant would be entitled to such deduction or offset."

Although the alleged negligence of the plaintiff, for which the setoff, or counter-claim, is claimed, occurred subsequently to the defendant's giving written notice to the plaintiff of cancellation of the original contract and the parties had entered into a new and different contract, under which they were transacting their business on a job-to-job basis, the counter-claim was nevertheless of an ex contractu nature, thus not subject to the objection of setting off a tort claim against a contract action. The plaintiff's duty to use ordinary care and diligence in the performance of his duties as an agent was implicit in the contract and the defendant is entitled to have a jury consider his plea of setoff for damages resulting from the plaintiff's alleged breach of the contract. *Manley v. Exposition Cotton Mills*, 47 Ga. App. 496 (1) (170 SE 711); 38 Am. Jur. 661, Negligence, § 20; 1 CJS 1112, Actions, § 49 (c). This does not mean that the defendant could not have waived a claim for breach of contract and could have sued ex delicto. The requested charges stated correct propositions of law, were pertinent to the issues and applicable under the pleadings and evidence and the principle of law therein embodied was not covered in the general charge, therefore refusal to so charge was reversible error.

■ The second ground of the amended motion for new trial is subdivided into five parts as follows:

■ Error is assigned on the failure of the court to charge the italicized phrase after the following instruction in the charge: "The plaintiff is suing upon an express contract and is not claiming any sum based upon reasonable compensation for services rendered outside of an express contract. Therefore, his claim must stand or fall on his contentions that he had an express contract with the defendant" *and that plaintiff was to be paid $2 per thousand for all the brick of the type involved in this suit sold by defendant in plaintiff's territory.* Elsewhere in the charge, the court instructed the jury as follows: "If you should find by a preponderance of the evidence that the contentions of the plaintiff are the truth of this case, that is, that the plaintiff is entitled to a commission of $2.00 per thousand on the brick sold to the Wikholm Company, then you would award the plaintiff $2.00 per thousand brick." This instruction, taken along with the one above quoted, sufficiently conveys the proposition that the plaintiff had the burden of proving the existence of a contract for $2.00 per thousand commission. "When a written request to charge is substantially covered by the charge given by the court, the failure to charge as requested is not reversible error when there is no assignment of error complaining that the request to charge was not given in its exact language." *State Farm Mutual Automobile Ins. Co. v. Rogers,* 105 Ga. App. 778 (5) (125 SE2d 893); *Dillard v. Jackson's Atlanta Ready Mix Concrete Co., Inc.,* 105 Ga. App. 607 (125 SE2d 656). Since there was no such assignment of error, this ground is without merit.

■ Error is assigned on the refusal of the court to charge as to the necessity for a meeting of the minds in establishing an oral contract. This ground is without merit because there was no assignment of error complaining that the request was not given in its exact language and the court charged elsewhere as to the essentials of an express contract, including the requirement that "there must be a meeting of the minds of the parties as to all the essential features of the contract before it is binding on both parties."

■ Error is assigned on the court's exclusion of the defendant's evidence tending to establish that the bricks were sold at a price below the defendant's regular "plant price." It is urged

420

that this evidence would justify the defendant's paying a $1.00 per thousand commission rather than $2.00 per thousand. The plaintiff's case was based upon the proof of an express contract for $2.00 per thousand commission; likewise, the defendant could defend the action only by disproving such terms. Evidence of the price received by the defendant for particular sales would not be admissible to alter the express terms of the contract to pay $2.00 per thousand, if such were the terms. The plaintiff's testimony that in a "few instances" he had agreed to take a lower commission where the price was reduced below the plant price, would not justify the admission of evidence of the sale prices of brick, since there was no evidence as to how many such instances were involved or as to whether this agreement was in accordance with the terms of the original contract or merely an exception to the express terms of the contract. If the evidence had showed such practice in every other such instance the ruling might be otherwise. This ground is without merit.

█ This ground complains of the court's refusal to allow an amendment to the defendant's answer and testimony, tending to show that it was the universal custom and practice in that particular business for the commission agent and the dealer to divide the commission between them on sales made through both their efforts. Although the custom of any business or trade is binding when it is of such universal practice as to justify the conclusion that it became, by implication, a part of the contract (*Code* § 20-704), "a custom may not be shown to be a part of an unambiguous contract when the custom is inconsistent with or contrary to the express or necessarily implied terms of the contract. *Penn Mutual Life Ins. Co. v. Blount*, 33 Ga. App. 642 (127 SE 892), and cases cited." *Wight v. Brown*, 77 Ga. App. 375, 378 (1) (48 SE2d 784). "Usage may be resorted to in order to make definite what is uncertain, clear up what is doubtful, or annex incidents, but not to vary or contradict the terms of a contract. The office of a custom or usage in trade is not to contradict the contract, but to explain what would otherwise be inexplicable in the meaning and intention of the parties, on the theory that they knew of its existence and contracted with reference to it." 12 Am. Jur. 764, Contracts, § 237. The express

provisions of the contract can not be varied by evidence of usage, since the parties may have disregarded such usage, excluding it by the express terms. Cf. *Haupt v. Phoenix Life Ins. Co.*, 110 Ga. 146, 149 (35 SE 342). Accordingly, this ground is without merit.

Error is assigned on a portion of the charge, wherein the court permitted the jury to find a $2.00 per thousand commission for the plaintiff if they found "that the plaintiff is entitled to a commission of $2.00 per thousand," whereas he required them to find "that the agreement between the defendant and the plaintiff entitled the plaintiff to a $1.00 per thousand brick sold commission." The misconception that the plaintiff might not have to recover on the basis of the agreement alone would not be likely to exist in the minds of the jury since the court also instructed them that "the plaintiff is suing upon an express contract, and does not claim any sum based upon reasonable compensation rendered outside of the contract. Therefore, the plaintiff's claim must stand or fall on his contentions that he had an express contract with the defendant." This ground therefore is without merit.

The plaintiff in error complains that the portion of the court's charge which removes from the jury's consideration his plea of setoff, or counter-claim, was an expression of the court's opinion as to the weight of the witness' testimony and that the plaintiff in error's whole case was prejudiced thereby. The portion of the charge in question is as follows: "Now, gentlemen, in reference to the setoff asserted by the defendant of $626.80, which the defendant says was due him from the plaintiff for out-of-pocket expenses, I charge you *as a matter of law* that the expenses set forth in Paragraph 17 of the defendant's answer are not to be recovered *in this case*, or not to be set off against the recovery of the plaintiff, and you will give no consideration to that amount." (Emphasis supplied). The use of the phrase "as a matter of law" precludes the idea that the weight of testimony or credibility of witnesses (both being matters of fact) was involved. The phrase "in this case" indicates that the plea is not barred under all circumstances, but merely in the present case. This assignment of error is accordingly without merit.

Ground 1 of the motion for new trial being meritorious, as discussed in Division 1 herein, the court erred in overruling the motion. After the judgment of this court is made the judgment of the lower court, the court may, in its discretion, allow the plaintiff to write off the amount of counter-claim in the amount of $626.80 from the verdict to avoid a retrial of the other issues.

*Judgment reversed with permission to bring an end to the litigation under circumstances stated in the opinion. Bell and Hall, JJ., concur.*