### 45784. GEORGIA HEART ASSOCIATION, INC.
### v. BERRY et al.

PANNELL, Judge. J. David Berry brought an action against Jesse Bernstein and Georgia Heart Association, Inc., seeking recovery of damages resulting from an automobile collision arising out of the alleged negligence of Bernstein as the agent and servant of Georgia Heart Association, Inc. The Heart Association filed a cross claim under Section 13 (g) of the Georgia Civil Practice Act (*Code Ann.* § 81A-113 (g)) against Bernstein seeking recovery over for any amount for which it might be found liable. Upon the trial, the jury returned a verdict in favor of Berry against both defendants in the sum of $14,000 and found in favor of the defendant Bernstein and against his co-defendant's cross claim. The plaintiff filed its motion for new trial, ground 13 of which sought a new trial on the ground that the verdict was inconsistent. The defendant Heart Association filed a motion for judgment notwithstanding the verdict on its cross claim against Bernstein and also a motion to set aside the verdict and judgment in favor of Berry and against it on grounds of inconsistency in the verdicts. These motions came on for hearing and the trial judge overruled the motion for judgment notwithstanding the verdict of the Heart Association, but granted its motion to set aside the verdict and judgment, and also granted the plaintiff's motion for new trial on ground 13 and denied the other grounds of the motion for new trial. The Heart Association appealed to this court from those portions of the judgment overruling its motion for judgment notwithstanding the verdict and granting the plaintiff's motion for new trial on ground 13. There was no cross appeal by the plaintiff. The enumerations of error were as follows: "1. The trial court erred in granting plaintiff's motion for new trial on the ground that the verdict in the cross claim between the defendants was inconsistent with the verdict in plaintiff's action against the defendants. 2. The trial court erred in overruling defendant Georgia Heart Association's motion for judgment notwithstanding the verdict against defendant Jesse Bernstein in defendant Georgia Heart Association's cross claim against defendant Jesse

Bernstein. 3. The trial court erred in failing to charge the jury, as requested by defendant Georgia Heart Association, that they would be directed to find a verdict against defendant Jesse Bernstein in the cross claim and in favor of defendant Georgia Heart Association in the same amount as any verdict they might find in favor of plaintiff against the defendants in the main action. 4. If the verdict in favor of defendant Bernstein in the cross claim was proper, the trial court erred in failing to set aside the verdict and judgment against defendant Georgia Heart Association in favor of plaintiff, J. David Berry." *Held:*

1. Enumeration of error 4 does not comport with the record, as the record discloses the trial court granted appellant's motion to set aside the verdict and judgment in favor of Berry and against the appellant Heart Association. It, therefore, cannot be considered.

2. Inasmuch as the appellant sought the setting aside of the verdict and judgment in favor of Berry and against the appellant, and succeeded in doing so, it cannot complain that the trial court also did so at the request of plaintiff in his motion for new trial on substantially the same grounds.

3. The record does not disclose that the appellant made a motion for directed verdict upon which to base its motion for judgment notwithstanding the verdict as to its cross claim against Bernstein although it did request the court to charge the jury that in the event it found in favor of the plaintiff and against the Heart Association it should find in favor of the Heart Association and against Bernstein in the same amount. See in this connection *Burns Brick Co. v. Adams,* 106 Ga. App. 416, 418 (127 SE2d 26); *Ga. Southern R. Co. v. Jossey,* 105 Ga. 271, 273 (31 SE 179). Even should we consider this request to charge as a motion for direction of a verdict on the cross claim in favor of the Heart Association and against Bernstein, appellant would be in no position to complain, as by its own motion it has succeeded in setting aside the verdict and judgment against the appellant Heart Association, and this court cannot grant the judgment against Bernstein in the absence of a judgment against the Heart Association.

4. Inasmuch as the case must be tried again we do not deem it

inappropriate to pass upon enumeration of error 3. Under the ruling in the cases cited in Division 3 of this opinion, the Heart Association would be entitled to a judgment over as a matter of law against the defendant Bernstein on its cross claim if the injuries and damage occasioned to the plaintiff were proximately caused by the negligence of the defendant Bernstein acting in the scope of his employment with the Heart Association rather than any independent negligence of the Heart Association, and on the retrial of the case, if the facts stated thus appear, the court should correctly charge the jury in this respect.

*Judgment affirmed with direction. Bell, C. J., concurs. Deen, J., concurs specially.*

ARGUED JANUARY 4, 1971—DECIDED APRIL 9, 1971—
REHEARING DENIED APRIL 28, 1971—CERT. APPLIED FOR.

*Greene, Buckley, DeRieux & Jones, Burt DeRienx, James A. Eichelberger, Alfred B. Adams, III,* for appellant.

*Webb, Parker, Young & Ferguson, Paul Webb, Jr., John Tye Ferguson,* for appellees.

DEEN, Judge, concurring specially. In a respondeat superior situation, where the sole negligence proved is that of the servant, a verdict against the master and in favor of the servant is void. *Pickron v. Garrett,* 73 Ga. App. 61 (3) (35 SE2d 540). A verdict against both, where the negligence is imputable, is proper, and the remedy of the master is to recoup from the servant any part of the judgment the former is forced to pay. *Code Ann.* § 81A-113 (g).

In this case the evidence before us demands a conclusion that the appellant Georgia Heart Association is liable for any negligence of the co-defendant Bernstein under respondeat superior. Appellant never seriously contends that the plaintiff was not entitled to a verdict, but takes the position that *if* the jury found Bernstein negligent it would be entitled to a judgment over. This is a correct statement of the law and if it were the only point involved in the case I would vote to reverse the denial of a judgment n.o.v. to the appellant on the cross complaint. In addition,

however, the trial court granted appellant's motion to set aside the verdict against it and in favor of Berry, to which judgment no exception is taken here. The trial court further granted the *plaintiff* a new trial on the ground that the inconsistency of the verdict in favor of the plaintiff against both defendants on the main action, and the verdict in favor of Bernstein and against his employer in the cross claim, show such inconsistency as to indicate that "the jury was influenced by sympathy for the defendant Bernstein and the inadequate verdict in favor of plaintiff in the main action was the direct result of sympathy, bias and prejudice." Appellant excepts to this latter judgment merely on the proposition that if the verdict was inconsistent it was not harmful to the *plaintiff*, but we cannot say as a matter of law either that the verdict was adequate or that sympathy for Bernstein did not enter into it. It was not an abuse of discretion for the trial court to grant a new trial to the *plaintiff*. If the additional setting aside of the plaintiff's verdict against the defendants on *appellant's* motion was error, it was invited error on the part of the appellant and is now the law of the case. Since the plaintiff has been granted a new trial against both defendants the remaining enumerations of error are moot.