51634. LANNING v. SOCKWELL et al.

WEBB, Judge.
Charles Sockwell conveyed a house and lot in East Point to Brenda White Lanning on November 11, 1966, and took a promissory note and deed to secure debt in the name of his wife, Cora F. Sockwell, for $5,600, to be paid in monthly installments of $47.26. On January 20, 1972, as part of a divorce settlement, Mrs. Lanning conveyed by warranty deed all her interests in the property to her husband, J. W. Lanning. Shortly thereafter J. W. Lanning negotiated with Fulton Federal Savings & Loan Association for a loan in the amount of $7,500 to be secured by a note and a security deed against the property

in question. Upon discovery of the existing deed to secure debt against the property in favor of Cora Sockwell, Fulton Federal informed J. W. Lanning that his loan could not be closed unless the prior encumbrances were removed.

Cora Sockwell then agreed that she would subordinate her deed to that of Fulton Federal, so that J. W. Lanning could obtain his loan, and he would sign a new note and deed as soon as she presented them to him. Mrs. Sockwell accompanied Lanning to Fulton Federal and surrendered her security deed for cancellation. Fulton Federal accepted the canceled deed and satisfaction of Cora Sockwell's security instruments and closed the loan. Since then J. W. Lanning has refused to execute the new instruments.

Mrs. Sockwell filed suit in equity against J. W. Lanning, Brenda White Lanning and Fulton Federal to have the canceled promissory note and deed to secure debt reinstated, alleging that Lanning had never intended to sign a new note and had used the scheme to defraud her. Count 2 asserted a default in the note by both J. W. Lanning and Brenda White Lanning and her right to attorney fees. She later amended her complaint by adding Count 3 against J. W. Lanning alleging a contract between her and Mr. Lanning and Count 4 contending unjust enrichment on his part. The prayers were that Fulton Federal be restrained from recording the satisfied deed to secure debt, or if it was already recorded, that it be declared null and void; that she recover from J. W. Lanning exemplary and actual damages; and that she have judgment against both Lannings on the note. The rule nisi was not granted, the satisfied deed was recorded and Fulton Federal was subsequently dismissed by the plaintiff.

The answers of J. W. and Brenda White Lanning were similar, both denying the essential allegations of the complaint and filing counterclaims. They alleged that Mr. Sockwell, an old friend of Brenda's family, offered to lend them $3,500 to purchase the house and lot in issue here; and that Mrs. Sockwell committed fraud when, after her husband purchased the property for $3,500, Brenda, then a minor and relying on the relationship of the parties,

signed a note and deed to secure debt to her for $5,600 without reading the instruments. The prayers of the counterclaims were for damages.

In the course of the trial the attorneys stipulated that Mrs. Sockwell received $2,930.12 from the Lannings in payments on the note and that Mr. Sockwell had purchased the property for $3,000. Motions for directed verdict made by all parties at the close of the evidence were denied. The trial judge ruled that Brenda Lanning had "permitted" J. W. Lanning to act as her agent in connection with getting his loan and subordinating Mrs. Sockwell's security. The court also refused to submit the issue of fraud on the part of J. W. Lanning to the jury and instructed it that Mrs. Sockwell was entitled to a verdict on her complaint in some amount whether Mr. Sockwell was or was not J. W. Lanning's agent, or whether his agency was ratified, and that she would be entitled to attorney fees as against Brenda Lanning.

The verdict was returned in the form of the following questions prepared and submitted to the jury by the court: "Was Mr. Sockwell the agent of defendant Lanning? (Yes or No) Yes. If no, this would end your deliberation of the case. If yes, answer the following questions. Was he, then, as Mr. Lanning's agent, authorized to take title in himself and then convey to Mr. or Mrs. Lanning the property at a price in excess of that paid to [the original owner]? (Yes or No) No. If answer to preceding question is no, then did Mr. Lanning ratify the acts of Mr. Sockwell in taking title in himself (Mr. Sockwell) and conveying title to Mrs. Lanning at a price in excess of that paid to [the original owner]? (Yes or No) Yes. If answer to either of the two preceding questions is yes, this would end your deliberation . . ."

The court then stated that the judgment would be against Mrs. Lanning only, and that he would grant a judgment notwithstanding the verdict as to Mr. Lanning unless the attorneys consented to removing him. Final judgment was entered on June 23, 1975, discharging J. W. Lanning from all liability by agreement of counsel and awarding a judgment against Brenda White Lanning in the amount of $4,204.00 principal, $1,008.99 interest and $521.31 attorney fees plus court costs. Mrs. Lanning

appealed to the Supreme Court, which did not decide the appeal but transferred it to this court. We reverse the judgment of the superior court.

1. The trial court erred in ruling that Brenda White Lanning had permitted J. W. Lanning to act as her agent in dealing with Mrs. Sockwell in connection with his getting the loan from Fulton Federal, and in removing this issue from the jury. While a husband may act as a general agent for his wife (*Greeson v. Farmers &c. Merchants Bank,* 50 Ga. App. 566 (1) (179 SE 191)), under the evidence here whether J. W. Lanning was Brenda's agent and acting within the scope of his authority in negotiating the cancellation of the security instruments held by Mrs. Sockwell, and whether his acts were ratified by Brenda, were questions of fact to be determined by the jury. *Wheeler County Bank v. Hargroves,* 148 Ga. 487 (2) (97 SE 69).

2. The trial court likewise erred in refusing to submit the issue of fraud as alleged by Mrs. Sockwell to the jury and in causing J. W. Lanning to be discharged from liability.

J. W. Lanning promised to execute new security instruments upon the cancellation of the 1966 instruments by Mrs. Sockwell. "Failure to pay the consideration promised, although it constitutes a breach, does not render the conveyance invalid for lack of consideration. [Cits.]" *Barrett v. Simmons,* 235 Ga. 600, 601 (221 SE2d 25). The law is clear that since Mrs. Sockwell can read she is responsible for what she signs, unless there is an equitable exception. *Cochran v. Murrah,* 235 Ga. 304 (219 SE2d 421). Therefore, unless the satisfaction of the security deed and note can be set aside for fraud, such cancellation would be valid.

"Fraud will authorize a court of equity to set aside a written instrument. Code § 37-709. However the mere failure to comply with a promise to perform an act in the future is not fraud in a legal sense. [Cits.] But when the failure to perform the promised act is coupled with the present intention not to perform, fraud, in the legal sense, is present. This is known as inceptive fraud, and is sufficient to support an action for cancellation of a written instrument. [Cits.]" *Hinson v. Hinson,* 221 Ga. 291, 292

(144 SE2d 381); *Nixon v. Brown,* 223 Ga. 579, 582 (2) (157 SE2d 20). And a cancellation obtained by fraud or mistake without payment may itself be canceled by a court of equity. See *Murray v. Johnson,* 222 Ga. 788 (152 SE2d 739); *Young v. Hirsch,* 187 Ga. (199 SE 179); Pindar, Georgia Real Estate Law and Procedure, § 21-54, p. 808.

A new trial must be granted so that these issues may properly be determined by the jury.

*Judgment reversed. Deen, P. J., and Quillian, J., concur.*

Argued January 15, 1976 — Decided February 3, 1976.

*Johnston & McCarter, Stuart Neiman,* for appellant.
*Patrick, Sidener & Bryant, Douglas B. Warner, Griffin Patrick, Jr.,* for appellees.