## 54376. CARPENTER et al. v. CITIZENS & SOUTHERN BANK.

SHULMAN, Judge.

Plaintiff (appellee herein) brought suit against defendants (appellants herein) to recover the outstanding balance allegedly owing on certain past-due promissory notes. Defendants answered by generally denying indebtedness on the notes and further pleaded numerous affirmative and other defenses. After presentation of its case, plaintiff moved for a directed verdict, which was

granted.

1. Appellants urge that the trial court erred in granting plaintiff's motion for directed verdict made at the close of plaintiff's evidence. We agree.

" 'A motion for a directed verdict may be made at the close of the evidence offered by an opponent or at the close of the case.' Rule 50 (a); CPA § 50 (a) (Code Ann. § 81A-150 (a)). Under this rule the defendant, but not the plaintiff, may move for a directed verdict at the close of the evidence for the plaintiff. The trial judge had no authority to direct a verdict for the plaintiff on motion of the plaintiff at this stage of the trial." *Kay Enterprises, Inc. v. Shawmac, Inc.*, 124 Ga. App. 225 (183 SE2d 503).

Since appellants did not have full opportunity to present their case supporting the defenses raised, granting the plaintiff's motion for directed verdict was error which requires reversal. Cf. *Allied Van Lines v. Hanson*, 131 Ga. App. 506 (206 SE2d 108) (no error to direct verdict on plaintiff's motion at close of plaintiff's evidence where defendant does not offer any evidence).

2. Appellants raised accord and satisfaction as a defense. At the close of plaintiff's evidence, defendants' counsel moved for a directed verdict on the grounds that the undisputed evidence established that the alleged indebtedness evidenced by the short-term notes was the subject of a subsequent agreement between the parties which provided for payment over a longer period of time. The denial of this motion is enumerated as error.

We cannot say as a matter of law that accord and satisfaction had been proven. *Faircloth v. Plastic Clad Corp.*, 139 Ga. App. 444 (228 SE2d 397); *Mitchell & Pickering v. Louis Isaacson, Inc.*, 139 Ga. App. 733 (2) (229 SE2d 535).

3. Appellants contend that the trial court erred in failing to direct a verdict in their favor as to Count 2 of plaintiff's complaint. Count 2 alleges that plaintiff was fraudulently induced to release a first mortgage held on defendants' property in reliance on defendants' promise to deliver second mortgages on certain property. There was sufficient evidence to warrant the presentation of the issue to the jury. *Lanning v. Sockwell*, 137 Ga. App. 479 (2) (224 SE2d 119).

*Judgment reversed. Quillian, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 14, 1977 — DECIDED OCTOBER 4, 1977 — REHEARING DENIED NOVEMBER 7, 1977 — ■

*Hansell, Post, Brandon & Dorsey, W. Lyman Dillon,* for appellants.
*Patrick, Warner & Bramhall, Griffin Patrick, Jr.,* for appellee.