## 56978. CARPENTER et al. v. CITIZENS & SOUTHERN BANK.

SHULMAN, Judge.

Appellee-The Citizens & Southern Bank (hereinafter "bank") brought suit to recover the outstanding balance due on a short term promissory note. This appeal follows a judgment in favor of the bank for the net sum of $124, 373.11. For an earlier appearance of this case, see *Carpenter v. C & S Bank,* 143 Ga. App. 765 (240 SE2d 106). On appeal, we reverse.

1. Suit was brought against appellants on two counts. Count 1 sought recovery on a note signed by Tom Carpenter as vice president of Olympic-National Corporation and personally guaranteed by him. Count 2 asserted that for the stated purpose of facilitating permanent financing with a different lending institution and thereby discharging certain indebtedness to C & S, Carpenter fraudulently promised to deliver certain security deeds to C & S in exchange for the release of certain security deeds held by C & S. It was further asserted that Carpenter's acts were ratified by Olympic-National Corporation.

By way of defense and counterclaim, appellants set forth an "accord and satisfaction," alleging that the indebtedness evidenced by the note was the subject of an agreement which, in lieu of the short term maturity of the note, provided for a different payment schedule. The counterclaim further asserted that the bank had breached the accord and satisfaction and, as a consequence of this alleged breach, sought return of all payments made by appellants pursuant to the accord and satisfaction.

In support of the counterclaim, evidence was presented that the note was signed with the understanding that its terms would not be enforced and that another payment schedule would be arranged, that another agreement had been reached which provided for monthly installment payments over a five-year term, and that the bank refused to honor this agreement.

The jury verdict was as follows: On Count 1, for the

plaintiff and against the defendants for $135,000; on defendants' counterclaim to Count 1, for the defendants and against the plaintiff for $5,626.89; and, on Count 2, for the plaintiff and against the defendants for $130,000.

Appellants argue that the jury verdict finding that the note was the subject of an accord and satisfaction (as alleged in the counterclaim to Count 1) is repugnant to and inconsistent with the verdict finding the note valid and enforceable (Count 1) and is also inconsistent with the finding that fraud had been perpetrated by appellants (Count 2). It is submitted that the judgment entered on the inconsistent verdicts is necessarily illegal and void. We must take issue with appellants' position.

The judgment, as entered, followed an election by the plaintiff to recover under Count 2. The trial court's judgment reflected this election. Accordingly, final judgment was entered in favor of defendants for $5,625.89 as to their counterclaim (based on an accord and satisfaction) and in favor of the bank for $130,000 as to Count 2 (the fraud issue). Appellants' contentions to the contrary notwithstanding, the judgment as rendered was not necessarily inconsistent.

Count 2, when viewed in conjunction with the pleadings and the evidence, represented a finding that defendants had perpetrated a fraud regarding the accord and satisfaction (i.e., promising to deliver certain security deeds without any intention of delivering) for which plaintiff was entitled to recovery. This is not necessarily inconsistent with the finding in the counterclaim affirming the existence of a valid accord and satisfaction and further finding that the plaintiff had breached certain terms thereof. Cf. *Martin v. Rollins, Inc.*, 238 Ga. 119 (231 SE2d 751). See also Code Ann. § 110-105.

Conceding that a verdict finding that a note is enforceable is inconsistent with a finding that an accord and satisfaction had been made in respect to the note, the question before us then is whether any valid judgment could be entered on the verdicts as rendered or whether the whole judgment must fall because of the internal inconsistency of some of the verdicts. Because the verdict was not wholly void (see *Candler v. Farmers Loan &c. Co.*, 96 Ga. 44, 49 (22 SE 715)), the court properly permitted

the election so as to authorize the entry of a valid final judgment.

"If as to some of the matters and things adjudged [the verdict] be legal and as to others illegal to the extent of rendering the findings thereon void [then with the plaintiff's acquiescence], that which is legal will be enforced in favor of the plaintiff, and as to those things concerning which it is illegal it will be adjudged as a finding against the contention of the plaintiff." Id., p. 51. See also *Burns Brick Co. v. Adams,* 106 Ga. App. 416, 422 (127 SE2d 26), where this court allowed the plaintiff to write off the amount of defendant's counterclaim from the verdict so as to. avoid retrial of the case. That is exactly what was done in this case, and appellants are not entitled to reversal. *Love v. Hockenhull,* 91 Ga. App. 877 (1) (87 SE2d 352).

We note that cases cited by appellants do not require a contrary result. In the instant case, the judgment as entered was proper, and the trial court did not modify the jury verdict so as to eliminate a substantial finding for the complaining party.

2. As to their counterclaim, appellants presented evidence that the note which was the subject of the bank's action was signed as a part of a larger agreement to make payments on different terms and with the understanding that the note would not be enforced. We reject appellants' argument that the court erred in denying their motion for directed verdict in their favor as to their counterclaim for accord and satisfaction.

Issues remained as to whether appellants had performed the conditions of the alleged accord and satisfaction. A jury question existed as to whether appellant Carpenter promised to merely deliver legal descriptions to be used for security deeds or whether it was understood that valid security interests had been or could be perfected on the property for which descriptions and security deeds were delivered. The jury would have been fully authorized to find that the alleged "accord and satisfaction" was a conditional promise by the bank to refrain from enforcing the note if, and only if, a valid written pay-back agreement was entered into with the bank and performed by defendants. Evidence was

presented to the effect that no agreement had been reached because Carpenter vacillated on the terms. Whether the accord and satisfaction called for a promise or performance was no less a jury question than it was on the first trial of this case. *Carpenter v. C & S Bank,* supra, Division 2. Cf. *Taylor v. Central of Ga. R. Co.,* 99 Ga. App. 224 (108 SE2d 103).

3. Similarly, we cannot agree that appellants' motion for directed verdict was improperly denied as to Count 2. The evidence as developed raised an issue as to whether defendant Carpenter had fraudulently promised to deliver certain security deeds to the bank without any intention of complying with that promise.

The evidence showed that the bank did release its security deeds, advanced approximately $33,000 after the representation had been made, and permitted Olympic-National Corporation and Tom Carpenter to assume an approximate $67,000 debt of a corporation of which Carpenter had been an officer. There was also evidence that the terms of the accord and satisfaction had not been fulfilled; that payment of the total $100,000 was never made; that certain collateral pledged for the loan as security was either not owned by appellants or had been transferred to other corporations in which relatives of appellant Carpenter served as officers; and that appellant Carpenter continued to represent that ownership of the property was in appellant corporation even after the transfers. Contrary to appellants' contentions, it cannot be said that a directed verdict was in order on the ground that appellants failed to establish damages. See *Carpenter,* supra, Division 3. Cf. *D. A. D., Inc. v. C & S Bank of Tucker,* 227 Ga. 111 (2) (179 SE2d 71).

4. The court instructed the jury that under Count 2 of the complaint, the plaintiff sued on an indebtedness in the principal sum of $100,000, evidenced by a promissory note. Appellants urge that this instruction misstated Count 2. It is submitted that reversal is in order because the charge suggested to the jury that the measure of damages as to Count 2 was the same as the principal indebtedness represented by the alleged note which was the subject of Count 1. We agree with this contention.

Under the pleadings and legal theories of recovery as

framed by plaintiff, Count 2 sought damages flowing from representations which allegedly induced plaintiff to advance certain funds and to release security interests on certain property. Count 2 was not based on the note, but on the surrounding circumstances, which circumstances may have been a part of a larger accord and satisfaction agreement. The charges may have misled the jury into believing the note formed the basis for Count 2 and computing damages accordingly. As such, the charge as given was prejudicial and requires reversal.

5. Appellants assert that the trial court erred in refusing their request to charge that a party complaining of fraud has a duty to exercise reasonable diligence to discover the alleged fraud. No citation appears as to the location of the requested charge. As we are unable to locate this refused charge, this enumeration presents nothing for consideration. *Ricks v. State,* 140 Ga. App. 298 (231 SE2d 113). As to refusal of requested charges, see *Roberson v. Hart,* 148 Ga. App. 343 (2) (251 SE2d 173). As to the duty to exercise ordinary diligence to discover the truth of an alleged fraud, see generally *A.M. Kidder & Co. v. Clement A. Evans & Co.,* 117 Ga. App. 346 (5) (160 SE2d 869); and *Shivers v. Sweda International, Inc.,* 146 Ga. App. 758 (247 SE2d 576).

6. Enumerations concerning the court's instruction following the jury's request for recharge as to the definition of fraud, and enumerations concerning certain remarks of the trial court are unlikely to recur at a subsequent trial. As we are reversing this case, they need not be considered.

*Judgment reversed. Deen, C. J., and McMurray, J., concur.*

ARGUED JANUARY 8, 1979 — DECIDED APRIL 4, 1979 — REHEARING DENIED APRIL 19, 1979 —

*Hansell, Post, Brandon & Dorsey, W. Lyman Dillon, Gary W. Hatch,* for appellants.

*Patrick, Warner & Bramhall, Griffin Patrick, Jr., Richard A. Bramhall, Jr.,* for appellee.