40111, 40112. SIMPSON et al. v. BRAND; and vice versa.

DECIDED SEPTEMBER 4, 1963—
REHEARING DENIED SEPTEMBER 30, 1963.

*Woodruff, Savell, Lane & Williams, Edward L. Savell,* for plaintiffs in error.

*G. Seals Aiken, Andrew A. Baumstark,* contra.

FELTON, Chief Judge. ■ The court abused its discretion in granting a second new trial on the general grounds. Plaintiffs in error contend that the trial court is wholly without discretion to grant a second new trial on the general grounds. We do not agree with this contention. The ruling of the Supreme Court in *Mills v. State,* 188 Ga. 616 (4 SE2d 453) settles the question. The court ruled that the trial court has less discretion on a second grant on the general grounds, but that it has some discretion, and that where there is a second grant the question for the reviewing court is whether the trial court abused its discretion. The authority and duty of this court in reviewing a judge's discretion in granting a second new trial on the general grounds without some standard of measurement would be indeed a most indefinite and nebulous duty. We can decide only questions of law. Therefore the abuse of discretion by a trial court must be an abuse which we can say is an illegal abuse and not merely a matter of difference of opinion or an appellate exercise of discretion. We believe that the Supreme Court, without stating it unequivocally, has set down definite guideposts for the determination of whether a trial court's grant of a second new trial on the general grounds is or is not reversible error. These guideposts seem to be that a second grant on the general grounds will be affirmed as not being an abuse of discretion in cases where the verdict is *manifestly wrong* or *supported by evidence that is*

*weak and unsatisfactory* or unless the *great preponderance of evidence is on the side of the losing party;* otherwise the grant of a second new trial on the general grounds must be held to be an abuse of discretion. *Dethrage v. City of Rome,* 125 Ga. 802 (54 SE 654); *Gregory v. Georgia Granite R. Co.,* 132 Ga. 587 (64 SE 686); *Kuhnen v. Postal Telegraph Cable Co.* 135 Ga. 390 (69 SE 554); *Barnes v. Carey,* 167 Ga. 588 (146 SE 629); *Davis v. Chaplin,* 102 Ga. 587 (27 SE 726); *Daniels v. Leonard,* 105 Ga. 841 (32 SE 122). In our view the second verdict in this case is not manifestly wrong, is not supported by weak and unsatisfactory evidence and is not one contrary to a great preponderance of the evidence. The evidence is too voluminous for us to go into minute detail in supporting our conclusion according to the guideposts enumerated. A few facts and conflicts will suffice. Mrs. Brand testified that when her car was struck from behind she got out and went back and talked to Mrs. Simpson about the damage done by the collision to the rear bumper of her car. She did not mention being injured. She left her child at her mother-in-law's and went to Sears Roebuck & Company and located the Simpson car and noted the license number. There were many conflicts in the evidence. There was testimony by witnesses directly contrary to facts testified to by Mrs. Brand and moving pictures were introduced which showed that Mrs. Brand could do things within a certain period when she swore she could not do them. There was medical testimony that Mrs. Brand's alleged injuries could have caused her condition but there was also testimony that other things could as well have been responsible for that condition. An osteopath testified that he did not think that Mrs. Brand's condition could have been caused by a minor tap and that it would have taken a severe lick. Some of the other conflicts in the evidence on the second trial are as follows: Mrs. Brand testified at the first trial that she was hit on the right side, along the breast, by the metal bar around her son's car seat. At the second trial she testified that the impact threw her forward against the steering wheel post, causing a bruise on the left side of her chest even with her left breast. Mrs. Brand testified that she was not anticipating any sort of medical treatment before the accident

but she admitted testifying at the first trial that she had postponed a female operation because of the accident. She testified at both trials that she did not have urine "incontinence" before the accident. The hospital record showed that she told the examining doctor that this came on after the birth of her first child. The evidence shows that Mrs. Brand had been treated by two doctors both before and after the accident, by a third doctor 8 days after the accident, by a fourth shortly after the accident and by another who operated on her lungs. She did not call any of these doctors as witnesses but did call two other doctors who first saw her 3 months after the accident. She gave no explanation for her failure to call the doctors who examined her near the time of the accident or the doctor who operated on her lungs. What we have recited would seem to be enough to show that, measured by the Supreme Court yardstick, the court erred in granting the second new trial on the general grounds.

■ In her cross bill Mrs. Brand excepts to the judgment overruling the special grounds of her motion for a new trial as amended. Grounds 4, 6, 10, 11, 16, 18, 19 and 21 are exceptions based on the contention that Mrs. Simpson was guilty of negligence as a matter of fact and law and that the question of her negligence should not have been submitted to the jury. The court properly overruled these grounds. The contention of Mrs. Brand is that Mrs. Simpson's automobile was stopped immediately behind hers; that there were two or more cars stopped in front of Mrs. Brand; that when the cars to Mrs. Simpson's left began moving she had the sensation of moving backwards and that she took her foot off the brake by which she had held her car in a still position and pushed on the accelerator, thereby causing her car to strike Mrs. Brand's car in the rear; that under these facts Mrs. Simpson's act in deliberately stepping on the accelerator was negligence and that since Mrs. Simpson had no mental or physical ailment or similar excuse for such an act there was no legal justification for her conduct as a matter of law. This ground is without merit on the objections urged. The court left it to the jury to decide whether Mrs. Simpson was negligent, and we think properly so. Questions of

negligence and diligence, of cause and proximate cause, are ordinarily solely for the jury and should not be resolved by the court except in plain and indisputable cases. *Long Const. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726). "In those jurisdictions in which the application of facts to the law rests with the jury, the court can not primarily declare that any particular concrete act or state of circumstances amounts to a breach of duty, unless the law so expressly declares; this finding is left to the jury." *Platt v. Southern Photo Material Co.,* 4 Ga. App. 159, 163 (60 SE 1068). There was proof of the accident and of how it occurred, and the proof may be sufficient to raise an inference of negligence on the part of the defendant. But the defendant offered an explanation of her conduct which the jury may very well have concluded was sufficient to take her conduct out of the realm of negligence, or to excuse it. She testified: "I was sitting there waiting for the light to change, and me being on the right-hand lane of traffic, knowing that I was going to turn to the right to get into the Sears parking lot, *the traffic on my left begins to move and all of a sudden I had the sensation I am rolling backwards.* Q. What did you do then? A. So I taken my foot off the brake and mashed on the accelerator. Q. Why did you do that? A. *Because of the sensation.*" "After adequate proof of an accident giving rise to an inference of negligence on the part of the defendant the defendant may, of course, offer evidence . . . to show that he was not to blame. The issue thus raised is one for the jury under proper instruction by the court." Harding v. Triplett, (Mo.) 235 SW2d 112, 114.

We think too, that it would have been proper for the court to charge the jury on the matter of sudden emergency and natural impulse, as defendants requested. The sudden sensation of rolling backward and the impulse to stop that by taking her foot from the brake and applying it to the accelerator is beyond the normal to be expected in everyday traffic driving. We think it presents a jury question as to whether, under the circumstances outlined in her testimony, Mrs. Simpson was confronted with a sudden emergency, and, if so, whether she acted with a proper degree of care. "Both questions, that is, was the defendant confronted with a sudden emergency, and if so, did he

exercise a proper degree of care thereafter, were . . . for the jury to decide." *Economy Gas & Appliance Co. v. Kinslow,* 74 Ga. App. 418, 421 (39 SE2d 899). 65 CJS 1134, Negligence, § 252(a). "Whether the act of the defendant . . . under the admission that the plaintiff testified she made to him as to her taking her hand off the steering wheel of the automobile, was the result of an emergency situation which would excuse her from being charged with negligence, was a question of fact and one for the jury." *Shockey v. Baker,* 212 Ga. 106, 110 (90 SE2d 654). "The emergency rule . . . is an application of the prudent man rule, and the sound view appears to be that one who, through no fault of his own, is confronted with a sudden peril and does things which afterward may seem to have been improper or foolish is not negligent if he does what a prudent man would or might do under the circumstances." 38 Am. Jur. 687, Negligence, § 41. When one suffers a sudden sensation or delusion as the defendant here did, there is no opportunity for calm deliberation or thoughtful balancing of possible expedience. In the glare of hindsight her problem may become delusively simple and deceptively easy of solution, but she is not to be held to the same accuracy of judgment that may have been made by a prudent person having the time and opportunity for calm deliberation, and the jury may find that she should not be held for an error in judgment as to what may have been the best method of stopping the car from rolling backward, as she thought it to be doing—thought it may subsequently appear that a wiser and safer course would have been to keep her foot on the brake.

While the manner in which the issue of the defendant's negligence was submitted to the jury was general, and did not delimit their consideration to a determination of whether the defendant may have offered an explanation of her conduct that was sufficient to excuse her from the inference of negligence raised by the proof, or whether she was faced with a sudden emergency and, if so, whether she acted as a prudent person might have done under the circumstances, there is no assignment of error on that ground. Under the charge given, the jury might, for any reason, deducible from the evidence and satisfactory to them-

selves, have found her not to be negligent—but no complaint is made of that. Rather, it is contended that the defendant was shown to be guilty of negligence as a matter of law and that this issue should not have been submitted to the jury at all. As we see it, under no tenable view could the court have been justified in holding Mrs. Simpson guilty of negligence as a matter of law and in withdrawing that issue from the jury. These grounds are without merit.

■ Special ground 5 complains of the refusal to give a request to charge to the effect that Mrs. Simpson was guilty of negligence per se in violating a traffic ordinance of the City of Atlanta by not keeping her vehicle in a stopped position and by running into Mrs. Brand's vehicle. The purpose of the ordinance is to prevent a vehicle from being driven into and over a cross walk before entering an intersection and from entering the intersection against a red light. Mrs. Simpson did neither as she was parked behind several cars stopped in front of her. There was no violation of the ordinance and the court correctly refused to give the requested charge.

■ Special grounds 7 and 8 complain of the court's stating to the jury in its charge the contentions of the defendants as made in their pleadings. That this was not error is too well known to require the citation of authorities on the question.

■ Ground 9 complains of a charge that whether or not there was a violation of the ordinance of the City of Atlanta requiring that vehicles stop at red traffic lights before entering cross walks and intersections was a question for the jury. This charge was error, as we have set out above, but it was favorable to the plaintiff and not a subject matter of exception by her.

■ Ground 10 complains of the charge that it was a question of fact for the jury whether the defendants were negligent as a matter of fact. This charge was not error for the reason assigned, as shown in Division 2 above.

■ Ground 11 complains of the charge putting the burden of proof upon the plaintiff to establish the material allegations of her petition. This charge was proper. There were no admissions of negligence by the defendants in the pleadings. That the plaintiff can make out her case by the admissions in the testi-

mony of a defendant does not alter the law of burden of proof.

■ Ground 12 complains because the court charged the jury that the mere fact that the plaintiff's husband's automobile was struck in the rear by Mrs. Simpson was insufficient to fix liability on the defendants. This charge is correct as a principle of law, *Hay v. Carter,* 94 Ga. App. 382, 384 (94 SE2d 755), and was not error for any reason assigned.

■ Ground 13 complains of a charge that the mere absence of negligence on the part of the plaintiff does not necessarily imply negligence on the part of the defendants. This is a correct principle of law, *Cook v. Kroger Co.,* 65 Ga. App. 141, 142 (15 SE2d 531), and was not error for any reason assigned.

■ Ground 14 complains of the failure to charge the following request: "I charge you that every person is presumed to intend the natural and probable consequences of his or her conduct, particularly if that conduct is unlawful and dangerous to the safety of lives of others." This request was not adjusted to the facts of the case and did not take into consideration the exceptions urged by the defendants such as sudden emergency and natural impulse.

■ The ruling in Division 3 covers the exception in ground 15 which relates to the applicability of the traffic light ordinance.

■ Ground 20 is abandoned.

■ Ground 23 is without merit. It excepted to the refusal to give the following charge: "I charge you that the testimony of an injured person as to the extent of her injuries may be believed in preference to the opinions of physicians testifying to the contrary, if you believe such injured person is entitled to credit and you believe her under the rules of law given you in charge by the court. While, with equal opportunities of judging, the testimony of an expert should be preferred to that of one unskilled in a profession or trade, it is not the rule, nor is it common sense, where the opportunities to know are all with the unlearned. That is true for the reason that, in the final analysis, the testimony of doctors as to the cause of a person's injuries is in the nature of opinions based on their observation and experience, while the testimony of the injured person as to the cause, nature, and extent of her injuries is based on personal

facts and experience better known to her than to anyone else." This request is defective in that it did not distinguish between instances where laymen may give testimony and those where expert testimony alone could be accepted on purely medical questions.

■ Ground 24 complains of the failure to give the following request to charge: "Plaintiff alleges and contends that she was in very good health before she was hit by the defendant automobile. In this connection, I charge you that good health is a relative term and does not mean absolute freedom from physical infirmity, but only such a condition of body and mind as that one may discharge the ordinary duties of life without serious strain upon the vital powers. I further charge you that the sick or diseased, as well as the healthy, may recover for injuries proximately caused by the negligence of another. The recovery may be not only for those independent of, but also in aggravation of, such sickness or disease. As to injuries received in aggravation of sickness or disease or infirmity, the recovery should be to the extent the jury finds the sickness or disease or infirmity is aggravated by the injury. An infirmity may be either of the body or mind." This exception is not complete in that it does not include the evidence which movant contends required the requested charge on aggravation of pre-existing conditions and cites the wrong pages of the record in referring to such evidence.

The court did not err in denying a new trial on the special grounds but erred in granting a new trial (the second) on the general grounds.

*Judgment affirmed on the cross bill; reversed on the main bill. Eberhardt and Russell, JJ., concur.*