41218.   CUPP v. THE STATE.

SUBMITTED MARCH 2, 1965—DECIDED MAY 21, 1965.

726

Cook & Palmour, Bobby Lee Cook, Lindsay H. Bennett, Jr., for plaintiff in error.

Earl B. Self, Solicitor General, contra.

EBERHARDT, Judge. 1. The first special ground of the amended motion assigns error upon the denial of the request to charge on the matter of emergency. Since there is no assignment of error complaining that the charge was not given in the exact language of the written request, this court will only consider whether the request was correct, apt, precisely adjusted to some principle involved in the case and authorized by the evidence; and, if so, whether the request was substantially covered by the general charge. *Griffith v. Newman,* 217 Ga. 533 (3) (123 SE2d 723); *Dillard v. Jackson's Atlanta &c. Concrete Co.,* 105 Ga. App. 607, 608 (1) (125 SE2d 656); *State Farm Mut. Auto Ins. Co. v. Rogers,* 105 Ga. App. 778 (5) (125 SE2d 893); *Burns Brick Co. v. Adams,* 106 Ga. App. 416, 419 (127 SE2d 26); *Butler v. Reville,* 107 Ga. App. 345 (130 SE2d 161); *Wells v. Metropolitan Life Ins. Co.,* 107 Ga. App. 826 (8) (131 SE2d 634); *Boykin v. Parker,* 108 Ga. App. 718 (3) (134 SE2d 531); *Thornton v. Gaillard,* 111 Ga. App. 371 (141 SE2d 771).

█ Was the request correct, apt, adjusted to some principle in the case and authorized by the evidence? To put it another way, was any emergency shown to exist? If any was shown, was it an emergency of the defendant's own making of which he could not take advantage as a defense? ·

It would serve no useful purpose to repeat the evidence here, but a reading of it clearly demonstrates the absence of any emergency. The defendant, while under the influence of drugs, was simply driving down the wrong side of the street and ran into Mr. Crowe and his car. While it did not appear that the lights of the Crowe car were on and that he was probably having battery trouble, the defendant's lights were on, as was the street light, and Mr. Crowe and his car were plainly visible in either of them. It is assumed that the defendant operated a vehicle equipped with lights meeting the requirement of *Code Ann.* § 68-1713. *Georgia Cas. Co. v. McRitchie,* 45 Ga. App. 697 (3) (166 SE 49). Certainly the deceased had done nothing to create any situation of emergency. Both he and his car were on their right side of the street, over next to the shoulder of it, standing still. There was nothing to indicate that he or his car was moving or about to move over to the other side of the street. While the defendant stated that the deceased was

waving his hands, that could have been no more than a warning to the defendant as he approached on the wrong side of the street that he should bring his vehicle to a stop or change its course in time to avoid the collision that was about to occur. In doing that the deceased was in the performance of the ultimate of his duty to the defendant.

Automobile accidents generally occur suddenly, but suddenness alone is not sufficient to bring the emergency doctrine into play. If the driver has opportunity to exercise a deliberate judgment between alternate courses to pursue, no emergency arises in legal contemplation. Bloxom v. McCoy, 178 Va. 343 (7) (17 SE2d 401).

Any claim of emergency on the part of the defendant can result only from his taking an excess amount of the drug which the doctor had prescribed, contrary to the directions on the doctor's prescription, as a result of which he became drowsy or sleepy and in that condition undertook to drive the car—drowsy to the extent that he traveled along the wrong side of the street until he was so close to a head-on collision with Mr. Crowe and his car that it was too late to turn, and despite Mr. Crowe's attempt at warning him.

"The emergency rule . . . is an application of the prudent man rule, and the sound view appears to be that one who, *through no fault of his own,* is confronted with a sudden peril and does things which afterward may seem to have been improper or foolish is not negligent if he does what a prudent man would or might do under the circumstances." *Simpson v. Brand,* 108 Ga. App. 393, 398 (133 SE2d 393). (Emphasis supplied). But if the driver of the car himself was the cause of the emergency, he can not take advantage of this principle of law. *Cone v. Davis,* 66 Ga. App. 229 (3) (17 SE2d 849). He must be without fault in the creation of the emergency of which he seeks to take advantage. Cf. *Daniel v. State,* 187 Ga. 411, 412 (1) (1 SE2d 6) and cases there cited.

The defendant, by his own admission, voluntarily took the tranquilizing drug in excess of the prescribed quantities and at times other than those prescribed for its use. Whether he had been warned of its effect or not, he was negligent in taking it in that manner. His condition was thus brought on by his own

negligence. The vehicle he was driving was on the wrong side of the street because he drove it there. If he had remained on the proper side of the street neither an "emergency" nor a collision would have occurred. He was not free from fault. For these reasons the denial of the request was proper.

It may be pointed out that the request was deficient in other respects too, and did not meet the test of *Cates v. Harris*, 217 Ga. 801, 802 (125 SE2d 649) ; *Cohen v. Sapp*, 110 App. 413 (2) (138 SE2d 749). It assumed negligence of the deceased as an established fact, when that did not appear from the evidence. It assumed the existence of an emergency of a character "so great that they have to act without having time to think," and that did not appear from the evidence. It did not include as a part of the principle that the party claiming the benefit of the emergency must himself be free from fault in its creation. Without that, the request was not a correct statement of the law. A written request must itself be perfect, otherwise the refusal to give it will not be cause for new trial. *Smithwick v. State*, 199 Ga. 292 (7) (34 SE2d 28).

■ Another reason that the denial of the request was not error appears from an examination of *Kelly v. State*, 63 Ga. App. 231, 239 (10 SE2d 417), where the defendant was similarly convicted. The request for a charge on the law of emergency in that case was different from that here only in that it included some of the facts which the evidence had shown. (The evidence, of course, in the two cases is not the same). The charge on accident as given in the general charge was substantially the same as was given here. Weighing the request and the charge as given it was held: "We think that the charge as a whole covered plainly and in substance the *principles of law* stated in the request to charge. The language in the request, framed in argumentative form and emphasizing selected facts in the defendant's interest, was not entitled to be adopted by the court, and the failure to give the charge in the language requested was not reversible error." (Emphasis supplied).

Comparing the request in *Kelly* with that in this case, it must be seen that the principles of law in the two are the same. If the principles of law in the *Kelly* request were plainly and in substance covered by the charge as given, it is inescapable that they were likewise covered here.

■ The remaining special ground of the motion assigns error upon the admission of the testimony of a police officer concerning what he found in his investigation of the matter as to the marks on the highway indicating where the Renault was located on the street, that it had been knocked around, and where the other vehicle had traveled and stopped after striking it. The objection was that the testimony was but a conclusion of the witness, since he did not see the collision happen, and that he had not qualified as an expert.

The transcript of the evidence discloses that when the objection was made to this evidence the court provisionally admitted it, saying at the time: "I don't know whether he knows or can testify as to facts—that is, as to what he saw there—on which he bases that evidence. If he can't do that, and can't testify as to facts he bases his opinion on, I think it is objectionable and I'll sustain it." With that observation the witness was permitted to go on with the testimony. The objection was never renewed nor was a motion to rule out his testimony ever made at any later time in the trial, as it was incumbent upon the objecting party to do, so as to secure an unconditional ruling on the objection. *Smith v. State,* 108 Ga. App. 275, 277 (132 SE2d 821) ; *Wright v. State,* 107 Ga. App. 800 (131 SE2d 566), and citations. Moreover, it does not appear from this ground of the amended motion that the witness failed, in his other testimony, to supplement the proof by stating facts which formed the basis of his opinions, but the record shows that the witness proceeded to testify as to skid marks made by the defendant's car after it struck the Renault, the distance it was from the Renault where it had stopped in the ditch, debris that fell on the street indicating the place of impact and where it was located, where Mr. Crowe's body was lying, etc., and that he identified photographs of the two vehicles made after the collision showing the damage and location of damage done to each. He had been a police officer of the City of Rossville for eight years. The facts to which this witness testified were sufficient as a basis for the admission of his opinion that the Renault had been struck on its left side and turned around in the street, that it had been "sideswiped" by the vehicle that came to a stop in the ditch and how it had traveled from the point of impact to the place

in the ditch. Whether the witness qualified as an expert or not, he was entitled to give his opinion on these matters on the basis of those facts to which he testified. *Lamb v. Sewell*, 20 Ga. App. 250 (1) (92 SE 1011). No error appears.

■ The verdict was amply supported by the evidence. The overruling of the general grounds was proper. "Where, as here, the evidence is sufficient to show beyond a reasonable doubt that the defendant committed the offense . . . his conviction is authorized although the evidence does not exclude vague conjectures or remote possibilities of the defendant's innocence." *Ivy v. State*, 220 Ga. 699 (141 SE2d 541).

*Judgment affirmed. Felton, C. J., Bell, P. J., Jordan, Hall and Pannell, JJ., concur. Nichols, P. J., Frankum and Russell, JJ., concur as to Divisions 2 and 3 but dissent as to Division 1.*

Nichols, Presiding Judge, dissenting. I must dissent from the ruling in Division 1 of the opinion as well as from the judgment of affirmance.

The first special ground of the defendant's amended motion for new trial assigns error on the refusal of the trial court to give a requested instruction to the jury. The requested charge was as follows: "When a person is suddenly put in a position of peril by the negligence of another, and where, under the circumstances, the emergency is so great that they have to act without having time to think, then a person confronted with such emergency is not held to as strict accountability as a person who has ample time to consider the circumstances and the situation." The evidence to support such charge was that the defendant was approaching the point of collision, which collision occurred at about midnight, when suddenly he was confronted with a man standing in the road waving his arms, that the defendant cut his automobile the other way and in so doing struck the decedent and his automobile which, while upon its own side of the road, was parked upon a public road during the nighttime without lights.

The evidence showed that the defendant's automobile finally came to rest in the ditch on his left side of the road, the side of the road on which the decedent's automobile had been parked. "A written request to charge which is legal and adjusted to a distinct matter in issue, and which may materially aid the jury,

should be given in the language requested, although covered by other instructions of the charge in more general and abstract terms. *Code Ann. Supp.* § 70-207 (Ga. L. 1937, p. 592); *Werk v. Big Bunker Hill Mining Corp.,* 193 Ga. 217 (5) (17 SE2d 825); *Summer v. Boyd,* 208 Ga. 207, 209 (66 SE2d 51)." *Randall v. State,* 210 Ga. 435 (1) (80 SE2d 695); *Vaughan v. Vaughan,* 212 Ga. 485 (93 SE2d 743).

While to authorize a charge on emergency it must appear that the emergency was not the result of the defendant's own creation (see *Simpson v. Brand,* 108 Ga. App. 393, 398, 133 SE2d 393); yet the evidence need not demand such a finding in order to authorize such a charge. " ' "To justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough that there be something from which a legitimate process of reasoning can be carried on in respect to it." *Holland v. Long,* 57 Ga. 36, 41 (3); *King v. State,* 77 Ga. App. 539, 540 (49 SE2d 196).' *Pope v. Associated Cab Co.,* 90 Ga. App. 560, 561 (83 SE2d 310)." *Carroll v. Hayes,* 98 Ga. App. 450, 455 (105 SE2d 755); *Brown v. Matthews,* 79 Ga. 1 (4 SE 13).

It is argued that the defendant caused the emergency by driving at a time when he had been taking a tranquilizer drug prescribed by a physician but not in accordance with such physician's instructions.

While the evidence may have demanded a finding that a person should not drive an automobile or operate any machinery while taking such drug there was evidence that the defendant was not so instructed or given any warning of such fact, and while the defendant stated that he was sleepy, nervous and emotionally upset, neither he nor anyone else testified that "he knew" the drug was causing such effect and a question of fact was presented as to whether he voluntarily came under the influence of a drug within the meaning of *Code* § 26-403 dealing with voluntary drunkenness or whether such condition was caused by the mistake of the physician and the druggist who filled the prescription in failing to warn him of the possible reaction that could be caused by taking the drug for his nerves and of the danger in taking more than the prescribed doses. See 22 CJS 220, Criminal Law, § 69.

A physician, a witness for the State, testified on cross examination that a person taking any drug has a right to know the reaction of the drug and how to protect himself, and the only way that he would have of knowing, as to whether it was dangerous or not dangerous or as to the effect it might have at the given moment, would be the advice of his doctor.

Should the jury have determined that the defendant's condition was not voluntarily created, which it could have done under the evidence, then the "emergency" was not created by the defendant and the requested charge on "emergency" was authorized by the evidence as was recognized in *Kelly v. State,* 63 Ga. App. 231, 238 (10 SE2d 417), although there was other testimony showing no such emergency.

In *Kelly v. State,* supra, after recognizing that a charge on emergency would be authorized when applicable in a criminal case, the court held (1) that the request in that case was argumentative and, (2) that it was substantially covered by the general charge.

The request in the case sub judice was not argumentative, assumed no facts and contained only a proposition of law which was authorized by the evidence.

Assuming arguendo, under the decision of the Supreme Court in *Griffith v. Newman,* 217 Ga. 533 (3) (123 SE2d 723), and the cases of this court following it, that in order to invoke the ruling in *Werk v. Big Bunker Hill Mining Corp.,* 193 Ga. 217, supra, and similar cases (that a proper request to charge must be given in the language requested), the assignment of error must allege that the trial court erred in failing to give the request "in the exact language requested" otherwise where the general charge in substance covers the applicable law requested no error is shown, the charge in the present case covering "accident" and "simple negligence" did not substantially cover "emergency." So much of the decision in *Kelly v. State,* 63 Ga. App. 231, supra, which holds to the contrary is in conflict, in principle at least, with the decision of the Supreme Court in *Bass v. State,* 152 Ga. 415 (7) (110 SE 237), where a charge on accident was given and it was held that if additional instructions were desired they should have been requested. Here they were requested. While an event occurring as a result of an "emergency" may well be

an "accident" because under such circumstances the act done as a result of the "emergency" is not then negligence (culpable neglect) necessary in a criminal prosecution, yet "emergency" is a specific application of the law of "accident" and it cannot be said that a defendant is not entitled to a charge on "emergency" when properly requested merely because the court charged generally on "accident." In the broadest sense possibly a charge on "accident" in a criminal case covers "emergency" and in the absence of a request it would not be reversible error to fail to charge in a proper case on "emergency," yet a charge on "accident" is not a charge on "emergency" in substantially the language requested.

In *Everett v. Clegg*, 213 Ga. 168 (97 SE2d 689), the Supreme Court, speaking through Mr. Justice Almand, set forth proper instructions dealing with "emergency" and held that a charge on "accident" was not authorized where the evidence showed the plaintiff's injuries were caused solely by the plaintiff's negligence, solely by the defendant's negligence, or by the negligence of both. "Accident" denotes a lack of any negligence. See *Code Ann.* § 102-103, and citations, while "emergency" and the charge requested denote a situation caused by the negligence of someone, other than the defendant, whereby the defendant was placed in the position of making a choice without time for proper deliberation. The charge on "emergency" was authorized by the evidence which authorized a finding that the automobile of the deceased was parked in violation of the Act of 1953 (Ga. L. 1953, Nov. Sess., pp. 556, 606; *Code Ann.* § 68-1710 (b)). While there was evidence that a street light was overhead there was no evidence that it provided sufficient light to reveal a person or object within five hundred feet so as to exclude the deceased from the requirements of such Code section. This evidence, together with the statement of the defendant that upon seeing the deceased waving his hands he immediately cut to the other side, the side where the automobile was parked, was sufficient to authorize the requested charge.

The requested charge should have been given and so much of the decision in the case of *Kelly v. State*, 63 Ga. App. 231, supra, as conflicts with the above cited cases of this court and the Supreme Court, should be overruled.

I am authorized to say that Frankum and Russell, JJ., concur in this dissent.