## 57600. WILLIAMS v. STANKOWITZ.

BIRDSONG, Judge.

This case involves an automobile accident resulting in personal injury and property damage. The facts basically are not in dispute. Only the question of negligence was at issue. The appellant Williams was proceeding north on an open highway near Hazelhurst. The appellee Stankowitz was proceeding south approaching the car driven by Williams. Stankowitz made a left turn to enter upon property owned by her, and her vehicle was struck by the right front of Williams' vehicle on the right front of Stankowitz' vehicle. Williams maintained at trial that he was proceeding at a lawful rate of speed and had his vehicle under control. He proceeded on the theory that the accident was caused by the negligence of Stankowitz in making an improper turn in front of his vehicle. Stankowitz, on the other hand, maintained that she was proceeding at a prudent speed, gave an appropriate turn signal, and was struck because the appellant Williams was proceeding too fast and did not have his automobile under proper control. This dispute was submitted to a jury under legally correct and appropriate instructions. *Held:*

Appellant Williams has urged no error of law as being committed during the trial process. He was satisfied with the charge of the court and does not contend that any evidence was improperly admitted nor otherwise prejudiced his substantive rights. His only enumeration of error is that the trial court erred in denying a motion for

new trial based upon the "general grounds."

We will not weigh the evidence, and in fact are precluded from doing so. *Strong v. State,* 232 Ga. 294, 298 (206 SE2d 461); *Dade v. Dade,* 213 Ga. 533 (1) (100 SE2d 181). In the absence of legal error, an appellate court is without jurisdiction to interfere with a verdict supported by some evidence even where the verdict may be against the preponderance of the evidence. *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271) and cits. We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal, this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict, and after the verdict is approved by the trial judge, the evidence must be construed so as to uphold the verdict even where there are discrepancies. *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (173 SE2d 232). See also *Cotton v. John W. Eshelman & Sons,* 137 Ga. App. 360, 365 (223 SE2d 757). There is some evidence in this record to support the jury's verdict. It follows that the trial court did not err in overruling the motion for a new trial on the grounds presented.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

Submitted April 4, 1979 — Decided May 8, 1979.

*Herschel B. Herrington,* for appellant.

*Williams & Starling, Donald A. Starling,* for appellee.