## 67990. REED et al. v. HEFFERNAN.

BIRDSONG, Judge.

Wrongful death action. In November, 1981, Gregory Heffernan was invited by his girl friend, Susan Reed, to go to her home in Knoxville, Tennessee, for the Thanksgiving holiday. Susan was a student at the University of Georgia. She drove her car from Athens to Knoxville with Heffernan as a passenger. Heffernan drove her car on the return trip from Knoxville to Athens. The return journey was driven in rainy conditions. When arriving at the outskirts of Demorest in north Georgia, and while rounding a curve, the Reed vehicle left the right lane, crossed the middle line and crashed head-on into an oncoming car. Susan Reed suffered fatal injuries to which she succumbed about a week after the accident. Reed's parents brought a wrongful death action against Heffernan alleging various acts of negligence. Heffernan defended on the premise that because of the wet road conditions, the lack of adequate tread on the front tires and the right curve around which he was negotiating, the car hydroplaned through no negligence of his and thus the death resulted wholly from an accident.

The jury received full and correct instructions on injuries resulting from negligent driving as well as a charge on accident. The jury returned a verdict in favor of Heffernan. The trial court made the verdict of the jury its judgment.

The Reeds bring this appeal enumerating seven alleged errors, four dealing with the admission of testimony, one relating to the charge of the court on accident, and two relating to issues involving damages. *Held*:

1. In enumerations 1, 2, 4 and 7, the Reeds complain the trial court erred in allowing allegedly improper and harmful evidence before the jury.

(a) During the trial of the case, Heffernan was allowed to call a police officer from Demorest and present evidence that the curve at which the accident occurred, known as the "Demorest Curve," was more dangerous than others in the vicinity and that accidents similar to the Reed accident had occurred on that same curve. Appellants objected to the testimony on hearsay grounds because the officer testified from an accident report that he personally did not prepare and of which he was not the custodian. Furthermore, it is asserted that evidence of a different accident was irrelevant and prejudicially harmful to appellant's case.

The police officer testified that the accident report was prepared on a standard form, that such a form was prepared at every accident investigation, and that the form was required to be filled out to reflect the facts and circumstances of the accident as observed by the investigator. The report was then filed in the police office and accessible to all the police personnel. Thus there was no particular "Custodian" of the records in that all the officers in the station maintained and used the records. The trial judge overruled the objections raised concluding that the report was prepared in the regular course of business and qualified as a business record. He also concluded that under the peculiar circumstances of the small office in Demorest, the officer in effect qualified as a custodian of the records.

Any individual who is familiar with the method of keeping records and can identify them may lay the foundation required by OCGA § 24-3-14 (b). *Cotton v. John W. Eshelman & Sons*, 137 Ga. App. 360, 362 (223 SE2d 757). There can be no real doubt that the records were business records and that the officer laid a proper foundation for the admission of the record. See *Pickett v. State*, 123 Ga. App. 1 (2) (179 SE2d 303) in which this court held a police report may be a business entry, as contemplated by OCGA § 24-3-14 (b), where a proper foundation is laid. Thereafter, the officer simply laid before the jury the contents of the documents. The fact that he had no personal knowledge of the entries on the document, after an appropriate foundation was laid, does not affect the admissibility of the evidence though it may go to its weight. *Smith v. Bank of the South*, 141 Ga. App. 114 (232 SE2d 629). We reject the argument that the contents of the document were hearsay. Though there might have been a "best evidence" objection, none was made on that ground and will not be considered on appeal. *Boggs v. Griffeth Bros. Tire Co.*, 125 Ga. App. 304 (7) (187 SE2d 915).

Moreover, we find no error in the admission of the evidence of a separate accident at the same curve. The facts of the subsequent accident show the same curve, a wet day, and a car sliding across the centerline. Even though the facts showed that the accident was caused by a car proceeding in the northbound direction rather than in

the south, as in the present case, the court held there was substantial similarity. The trial court allowed the evidence for the limited purpose of showing the potential for a hydroplane accident occurring on that curve.

Such evidence is the substantial equivalent of a scientific test designed to show the probability of an incident occurring in the way asserted by an expert. Indeed an expert had testified that on a wet day on that same curve and at an established speed, hydroplaning did in fact occur. Heffernan had presented his explanation that the cause of the accident was unexpected and accidental by hydroplaning. Thus, the evidence was considered by the trial court to relate to the probability or improbability of hydroplaning and was admitted only upon a showing of relevancy and similarity to the questioned accident. The relevancy of other occurrences and thus the admissibility of such evidence lies within the sound discretion of the trial court, and may have probative value if the conditions of the other occurrence are substantially similar and may explain the occurrence under examination by the jury. *Georgia Cotton Oil Co. v. Jackson*, 112 Ga. 620 (4) (37 SE 873); *Carlton Co. v. Poss*, 124 Ga. App. 154, 155 (3) (183 SE2d 231). In the instant case, seven separate accidents were offered as similar and the trial judge ruled out six of the seven. Furthermore, the plaintiff, appellant herein, at the end of the evidence introduced as part of their evidence the accident report which the trial court allowed in as a similar accident. The trial court did not admit the subsequent accident to illustrate negligence or the lack thereof by either party but to show the danger of the curve and the possibility of hydroplaning. The jury was left the responsibility of determining if there was an accident or negligent act. See *Jackson v. Martin*, 89 Ga. App. 344 (79 SE2d 406).

(b) During direct examination of the appellee Heffernan, he was asked, after fully developing all that he could remember of the accident, whether there was anything he could have done to avoid the accident. Heffernan answered he could have done nothing further. This answer was made the subject of objection on the ground that the answer invaded the province of the jury.

Standing in isolation, Heffernan's statement to the effect he had done all he could to avoid the accident probably would have invaded the province of the jury as to that ultimate issue. However, the jury had heard evidence that it was raining, there was running water on a sloping and sharp curve. Heffernan had slowed the car at that curve and was driving at less than the established speed limit. The curve was one of the sharpest between the mountains and Demorest. Heffernan stated he was even unaware that his vehicle was hydroplaning and he perceived that the on-coming car was driving into his lane. It was only after the development of all these facts that Heffernan was

asked if there was anything further he could have done to avoid the accident. Thus, the jury was enabled to evaluate Heffernan's opinion that in addition to what he had done leading up to the accident, he was unaware of what further he could have done to avoid the accident.

As was held in *Bentley v. Ayers*, 102 Ga. App. 733, 735-736 (117 SE2d 633): "Distinction must be made between a statement that 'I don't know of anything I could have done,' and a statement that 'I did everything possible.' In the latter instance the conclusion would be made by the witness and thus would amount to an invasion of the province of the jury. . . . However, in the former instance we construe the statement to mean that insofar as the witness knew, his opinion was that there was nothing else he could have done. Such opinion, as stated, was based upon the facts concerning which he testified. Thus, in giving this testimony the witness did not infringe upon the jury's right to conclude as it saw fit." We are satisfied that the question and answer called for an opinion based upon previous testimony and as such was admissible even if the opinion pointed toward the ultimate issue. As was held in *Security Life Ins. Co. v. Blitch*, 155 Ga. App. 167 (6) (270 SE2d 349), "[t]he true rule in determining whether or not a witness should be permitted to give his opinion testimony, even as to the ultimate issue, is whether or not the question asked of him is a proper one for opinion evidence. ' "If the witness is asked to draw an inference of fact from data observed by him or the expert witness is asked to draw an inference of fact from data observed by him or presented by other witnesses, this is a proper question for opinion evidence. The opinion is one of fact. It is only where the drawing of the inference requires a mixture of law and fact that the question is not a proper one for opinion evidence." ' "

(c) Appellants also contend the trial court erred in allowing evidence that Susan Reed's parents were divorced. However, one of the contentions of the appellants was that they were entitled to $900,000 in damages for the value of their daughter's life, including the value of her services. The value of a child's services should be determined from all the evidence, including the circumstances of the family and the living conditions. *Collins v. McPherson*, 91 Ga. App. 347, 349 (85 SE2d 552). It has been the rule in this state that where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury. *Lovejoy v. Tidwell*, 212 Ga. 750, 751 (95 SE2d 784); *Cravey v. J. S. Gainer Pulpwood Co.*, 128 Ga. App. 465 (4) (197 SE2d 171). Thus the marital status of the parents potentially had some probative value in assisting the jury in determining damages and was admissible for that purpose. *Collins v. McPherson*, supra.

2. The Reeds urge error in the charge of the trial court on the

issue of legal accident. Appellants argue that insofar as their evidence is concerned, it is immaterial whether the car hydroplaned, for even if so, it was caused by Heffernan's negligence in driving too fast on a wet road with inadequate tires. What appellants ignore is that the jury was fully charged as to the issue of negligence and was told that an incident must be wholly free from negligence or it cannot be a legal accident. Heffernan's testimony raised an issue of operation of the car within the speed limit and in a careful and prudent manner with the slide occurring wholly without warning and wholly without his control. It was for the jury to determine that issue. Where the jury is authorized under the alternatives submitted by the evidence to find that the collision was not proximately caused by negligence but could have resulted from an unforeseen or unexplained cause, there is ample reason to give a charge on the law of accident. *Chadwick v. Miller*, 169 Ga. App. 338 (312 SE2d 835). Under the facts presented to the jury, the trial court did not err in submitting the issue of accident to the jury. See *Jackson v. Martin*, supra.

3. In enumerations of error 5 and 6, the Reeds complain the trial court erred in sustaining a motion to dismiss an issue of damages based upon pain and suffering, and in refusing to admit medical testimony dealing with damages.

There can be no merit to either of these enumerations. Inasmuch as the verdict as to liability was in favor of the defendant Heffernan and we have found no error in that verdict, there can be no harmful error on the issue of damages. *Knight v. Atlanta Transit Systems*, 137 Ga. App. 667, 669 (2) (224 SE2d 790); *Jackson v. Miles*, 126 Ga. App. 320 (190 SE2d 565).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED MAY 1, 1984 —
REHEARING DENIED MAY 24, 1984 — 

*A. Martin Kent, R. Stephen Sims*, for appellants.
*Fredric W. Stearns, Edward T. Brennan, John W. Hendrix*, for appellee.