A89A1806. DRAKE v. PAGE.

(393 SE2d 89)

BANKE, Presiding Judge.

The appellant, Betty Jean Drake, brought this action against the appellee, Susan Wood Page, to recover damages for injuries sustained in an automobile accident. The case was tried before a jury, which returned a verdict in favor of the appellee-defendant. This appeal is from the denial of the appellant's motion for judgment notwithstanding the verdict or, in the alternative, a new trial.

The appellee's vehicle struck the appellant's vehicle from behind as the appellant was stopped in the roadway behind two other cars, the first of which was apparently awaiting an opportunity to make a left turn onto an intersecting road. It was late afternoon, the weather was clear, and the road was dry. The appellee testified that she was rounding a curve at a speed of between 35 and 40 miles per hour when the accident occurred; and she described the events just prior to the collision as follows: "I momentarily looked down as I was adjusting the air-conditioner, I saw the [brake] lights [of appellant's car] ahead of me, I tried to stop the car, I skidded and we hit." The appellee acknowledged that she is slightly nearsighted and was not wearing her glasses but stated that her driver's license carries no restriction requiring her to wear her glasses while driving.

Testifying as an expert in accident reconstruction, the investigating officer stated that, from the length of the skid marks at the scene, he was of the opinion that the appellee had been traveling at about 40 miles per hour, which was within the 45-mile-per-hour speed limit. He said that although he told the appellee she "would be indicated [in his accident report] as [the] carrier [sic] at fault," he found insufficient evidence of speeding or following too closely to warrant issuing her a citation. He further testified that the appellee's actions appeared to him to comport with what the average person would have done under the circumstances. *Held*:

1. The appellant contends that the evidence demanded a finding that the appellee was at fault in the accident. We agree. The question of who is at fault in a rear-end collision is, of course, normally for the jury. See *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448 (224 SE2d 25) (1976); *Glaze v. Bailey*, 130 Ga. App. 189-190 (2) (202 SE2d 708) (1973). However, the appellee admitted that she did not have her eyes on the road just before seeing the cars in front of her because she was looking down to adjust her air-conditioner. As for the appellant, she clearly was not at fault, and the trial court so ruled by granting her motion for a directed verdict on the appellee's affirmative defenses of comparative and contributory negligence. Moreover, no evidence was introduced from which it could reasonably be inferred that the accident was unavoidable or that it "resulted from an unforeseen or unexplained cause." *Reed v. Heffernan*, 171 Ga. App. 83, 87 (318 SE2d 700) (1984).

"The driver of a motor vehicle has no right to assume that the road ahead of him is clear of traffic, and he must maintain a diligent lookout therefor." *Leggett v. Brewton*, 104 Ga. App. 580 (3) (122 SE2d 469) (1961). Given the appellee's admission that she was looking down to adjust her air-conditioner as she rounded the curve and given the absence of any circumstances which would suggest that she would not have been able to avoid the accident even if she had been

maintaining a diligent lookout, we hold that the trial court erred in refusing to direct a verdict in the appellant's favor on the issue of liability. Accord *Wallace v. Yarbrough*, 155 Ga. App. 184, 186 (270 SE2d 357) (1980); *Nail v. Green*, 147 Ga. App. 660 (249 SE2d 666) (1978). The order denying the appellant's motion for new trial is accordingly reversed with direction that a new trial be conducted on the issue of damages.

2. Because of our decision in Division 1, we need not consider the appellant's contentions that the trial court erred in charging the jury on the defense of legal accident or in refusing to charge the jury not to consider her own failure to use her seat belt in considering the issue of liability.

3. In response to what she perceived to be an unreasonable discovery request, the appellant amended her complaint to assert a claim for abusive litigation under *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). She enumerates as error the trial court's dismissal of this claim following the return of the verdict on the main claim. The trial court based the dismissal of the *Yost* claim on its conclusion that the appellant's failure to prevail in the primary action barred her from pursuing it. We agree with the appellant that, under *Efstathiou v. Saunders*, 189 Ga. App. 470, 471-472 (3) (376 SE2d 413) (1988), this conclusion was incorrect, inasmuch as the *Yost* claim was not based on allegations that the appellee had asserted a claim or defense which was frivolous but on allegations that she had unjustifiably expanded the proceedings by requesting unnecessary discovery. However, having reviewed the record, we find that the discovery request at issue was within the scope of permissible discovery and did not lack "substantial justification" so as to give rise to a *Yost* claim. "A correct decision of the trial court will not be reversed, regardless of the reasons given therefor. [Cit.]" *Nat. Consultants v. Burt*, 186 Ga. App. 27, 33 (2) (366 SE2d 344) (1988). The order dismissing the *Yost* claim is accordingly affirmed.

*Judgment affirmed in part and reversed in part. Carley, C. J., Deen, P. J., McMurray, P. J., Birdsong and Cooper, JJ., concur. Sognier, Pope and Beasley, JJ., dissent.*

SOGNIER, Judge, dissenting.

I respectfully dissent. I would uphold the jury's verdict because there was evidence from which the jury was authorized to conclude appellant had not proved either that appellee was negligent or that any negligence of appellee proximately caused the collision. Compare *Glaze v. Bailey*, 130 Ga. App. 189-190 (2) (202 SE2d 708) (1973). "There was proof of the accident and of how it occurred, and the proof may be sufficient to raise an inference of negligence on the part of the [appellee]. But the [appellee] offered an explanation of her

conduct which the jury may very well have concluded was sufficient to take her conduct out of the realm of negligence. . . ." *Simpson v. Brand*, 108 Ga. App. 393, 397 (133 SE2d 393) (1963). Appellee testified that "I put on my brakes, I began to skid and I tried to veer off to the right-hand side of the road, hoping to miss [appellant's] car." Although appellee testified that she briefly looked down to adjust her air-conditioner, there was no evidence that action either precluded her from stopping as quickly as she otherwise could have or caused her to collide with appellant. Similarly, appellee's failure to wear her glasses was not shown to be the proximate cause of her failure to stop in time. Further, Lt. Morris's testimony was sufficient to create an inference that appellee operated her car with ordinary prudence under the circumstances. Contrary to the majority's conclusion, I find this evidence did raise a question as to whether the collision "resulted from an unforeseen or unexplained cause," *Reed v. Heffernan*, 171 Ga. App. 83, 87 (2) (318 SE2d 700) (1984), rather than any negligence of appellee, and thus presented a question for resolution by the jury. See *Simpson*, supra.

"We will not weigh the evidence, and in fact are precluded from doing so. [Cits.] In the absence of legal error, an appellate court is without jurisdiction to interfere with a verdict supported by some evidence even where the verdict may be against the preponderance of the evidence. [Cits.] We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal, this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict, and after the verdict is approved by the trial judge, the evidence must be construed so as to uphold the verdict even where there are discrepancies. [Cits.]" *Williams v. Stankowitz*, 149 Ga. App. 865, 866 (256 SE2d 147) (1979).

I am authorized to state that Judge Pope and Judge Beasley join in this dissent.

DECIDED MARCH 16, 1990 —
REHEARING DENIED MARCH 29, 1990 —

*David G. Kopp*, for appellant.
*Chambers, Mabry, McClelland & Brooks, V. Jane Reed, Jack G. Slover, Jr.*, for appellee.