### A92A1459. THOMAS v. KITE.
(424 SE2d 305)

JOHNSON, Judge.

Jimmy Thomas sued Nancy Kite for personal injuries he allegedly received when the automobile in which he was a passenger was struck in the rear by the vehicle driven by Kite. The jury returned a verdict in favor of Kite. Thomas appeals, enumerating as error the denial of his motion for directed verdict on the issue of liability, the sufficiency of the evidence to support the verdict, and certain charges which the trial judge either gave or refused to give.

The evidence showed that after Kite drove through an intersection she glanced at a woman selling flowers on the side of the road. When she looked back up, the traffic in front of her had stopped in order to allow a car to enter or exit the roadway. Kite applied her brakes but was unable to stop before she hit the rear of the car in which Thomas was a passenger.

1. Thomas contends the trial court erred in denying his motion for directed verdict. We agree. As in *Drake v. Page*, 195 Ga. App. 226 (393 SE2d 89) (1990), it is uncontroverted that Kite admitted that she did not have her eyes on the road immediately before seeing the cars stopped in the road in front of her because she had glanced up at a person selling flowers. No evidence was presented which could ascribe any negligence to the driver of the vehicle in which Thomas was riding, that the accident was unavoidable, or that it was the result of an unforeseen or unexplained cause. See *Reed v. Heffernan*, 171 Ga. App. 83, 87 (318 SE2d 700) (1984).

" 'The driver of a motor vehicle has no right to assume that the road ahead of him is clear of traffic, and he must maintain a diligent lookout therefor.' [Cit.]" *Drake*, supra at 227. Kite admitted she looked away from the road and no evidence was presented suggesting that she would not have been able to avoid the collision if she had been looking. Accordingly, we hold that the trial court erred in denying Thomas' motion for a directed verdict on the issue of liability and remand the case to the trial court with direction that the issue of damages only be resolved in a new trial.

2. The remaining enumerations of error asserted by Thomas are rendered moot by our holding in Division 1 above.

*Judgment reversed. Carley, P. J., and Pope, J., concur.*

Decided October 20, 1992 —
Reconsideration denied October 30, 1992

L. B. Kent, for appellant.

Page, Scrantom, Harris & Chapman, Richard A. Marchetti, Alvin L. Harris, for appellee.