A93A0394. DIETZ et al. v. BECKER et al.
A93A0395. TOKIO MARINE & FIRE INSURANCE COMPANY v. DIETZ et al.
(434 SE2d 103)

Pope, Chief Judge.

Plaintiffs/appellants Earl and Patricia Dietz brought suit against Connie Becker and Clarence Jarrell seeking to recover damages for personal injuries plaintiffs allegedly received when the car in which they were traveling was rear-ended by a van driven by Becker and owned by Jarrell. The jury returned a verdict for the defendants and plaintiffs filed a motion for j.n.o.v. or, in the alternative, a motion for new trial as well as a motion for a post-verdict directed verdict and motion for new trial. Plaintiffs also filed a notice of appeal to this court. Plaintiffs subsequently withdrew their notice of appeal and, following a hearing, the trial court entered an order denying plaintiffs' motions. Plaintiffs then filed the present appeal which was docketed in this court as Case No. A93A0394 and Tokio Marine & Fire Insurance Company, one of the uninsured motorist carriers involved in this litigation, filed a cross-appeal, which was docketed in this court as Case No. A93A0395. We have consolidated these appeals for review by this court.

*Case No. A93A0394*

1. Defendants' motion to dismiss the appeal in Case No. A93A0394 is denied. See *Housing Auth. v. Geter*, 252 Ga. 196 (312 SE2d 309) (1984); see also *Shirley v. State*, 188 Ga. App. 357 (1) (373 SE2d 257) (1988).

2. Plaintiffs contend the trial court erred in denying their various post-trial motions because the evidence establishing Becker's liability was uncontroverted. We agree there is no question that Becker's negligence caused the collision in this case; indeed, the record shows the trial court agreed to grant plaintiffs a directed verdict as to that issue. However, the record is likewise abundantly clear that the primary issue to be decided by the jury in this case was whether the injuries for

which plaintiffs sought recovery were sustained in the collision with Becker, or whether plaintiffs' alleged injuries existed prior to this collision. " 'It is basic in our law that no liability attaches unless the negligence alleged is the proximate cause of the injury sustained.' *Cline v. Kehs*, 146 Ga. App. 350 (6) (246 SE2d 329) (1978)." *Dilworth v. Boeckler*, 187 Ga. App. 241 (370 SE2d 17) (1988). Since the grant of a directed verdict on the issue of "liability" necessarily includes a determination of both negligence and causation, id., and since the central issue in this case was the proximate cause of the injuries alleged, we find no error in the trial court's denial of plaintiffs' motions for directed verdict. Cf. *Thomas v. Kite*, 206 Ga. App. 80 (424 SE2d 305) (1992); *Drake v. Page*, 195 Ga. App. 226 (1) (393 SE2d 89) (1990). Moreover, although the court agreed to direct a verdict on the issue of Becker's negligence, plaintiffs did not object to the failure of the court to so instruct the jury. This enumeration is without merit.

3. Plaintiffs also contend that the trial court erred in allowing defendants to present evidence concerning plaintiffs' receipt of benefits from a collateral source.

At the outset we note that through their record citations,[1] plaintiffs have attempted improperly to expand this enumeration to include not just the introduction of collateral source evidence but also instances where the trial court allowed the defendants to inquire into the plaintiffs' financial circumstances. For example, the record shows the trial court allowed defendants to cross-examine plaintiff Earl Dietz concerning his statement that he was worried about losing his home after the accident. Plaintiffs objected, contending this was improper testimony concerning the parties' financial circumstances. Through cross-examination, defendants introduced evidence that Dietz continued to receive his salary from the date of the accident until the time his employment ceased and that plaintiffs received income from certain business ventures. Plaintiffs now cite to the introduction of this testimony as an example of the introduction of collateral source evidence over their strenuous objection. However, " '[w]here the objection urged below is not argued here it must be treated as abandoned, and where an entirely different basis of objection is argued on appeal which was not presented at trial, we will not consider this as error, for we are limited on appeal to those grounds presented to and ruled upon by the trial court and then enumerated as error. (Cit.)' [Cit.] 'An objection to the admission or exclusion of evidence must be specifically raised at trial in order to be heard on appeal. (Cit.)' [Cit.] 'Only those grounds urged below will be consid-

---

[1] Plaintiffs do not identify the nature of the collateral source evidence other than by these record citations.

ered on appeal. (Cit.)' [Cit.]" *Daniel v. Parkins*, 200 Ga. App. 710, 711 (1) (409 SE2d 233) (1991). Moreover, defendants were clearly entitled to test the veracity of Earl Dietz's testimony that he was worried about the future and about losing his home after the accident. It follows that the trial court did not err by allowing defendants to cross-examine Dietz about this statement. This testimony elicited in cross-examination was not, as plaintiffs contend, inadmissible collateral source evidence, but rather was admissible to impeach Dietz's statement concerning his financial worries. Furthermore, this evidence was also relevant to the question of lost income, one of the items of damages plaintiffs sought to prove at trial.

The more difficult question in this case is whether the trial court erred in admitting evidence concerning long-term disability payments. Clearly, this is the type of evidence that would usually be inadmissible under the collateral source rule. Nonetheless, we do not believe a reversal is mandated under the facts of this case. First, we note that this is not a situation where the trial court erroneously allowed defendants to admit evidence of any and all collateral benefits received by plaintiffs.[2] Cf. *Hayes v. Gary Burnett Trucking*, 203 Ga. App. 693, 694 (2) (417 SE2d 676) (1992). In this case the evidence that plaintiff Earl Dietz received long-term disability benefits related only to his claim for lost wages or income, and the evidence did not suggest that plaintiffs had been compensated from a collateral source or sources for the other items of damages they sought to prove at trial. Thus, although the evidence admitted might have caused the jury to return an inadequate verdict for the plaintiffs, it could not have resulted in a determination that plaintiffs were entitled to no recovery from defendants. It follows that the verdict for defendants in this case did not result from the erroneous admission of this collateral source evidence. Cf. *Wilhelm v. Atlanta Gas Light Co.*, 190 Ga. App. 869 (1) (380 SE2d 276) (1989).

Moreover, the record shows that one reason the trial court ruled the evidence of disability benefits admissible in this case was because such evidence was contained in plaintiffs' exhibits. Although plaintiffs initially refused to tender these documents for admission after it became apparent that defendants would use this evidence in cross-examination, the trial court correctly concluded that plaintiffs could not have it both ways; to wit, they could not use the documents as a basis and foundation for favorable testimony, treating the documents as if they were going to be admitted at trial (at one point during Dietz's testimony about his fringe benefits, plaintiffs' counsel referred to the

---

[2] Although plaintiffs argue the trial court erred in denying their motion in limine, plaintiffs' counsel's statements at trial indicate such motion was granted.

fact that the document would speak for itself), and then refuse to tender them in order to prevent allegedly prejudicial information from reaching the jury.[3] Indeed, plaintiffs subsequently indicated their agreement with the way the trial court handled this issue, stating that "under the circumstances of Your Honor's ruling you have preserved a fair trial as Your Honor has called the shots on collateral sources." It is axiomatic that a litigant cannot acquiesce in a ruling of the trial court and then complain of that holding in a subsequent appeal to this court. See, e.g., *Capes v. Bretz*, 195 Ga. App. 467 (2) (393 SE2d 702) (1990); *Boatright v. State*, 192 Ga. App. 112, 116 (5) (385 SE2d 298) (1989).

Plaintiffs also contend "the trial court erred in failing to give, upon request, limiting instructions regarding the use of collateral source evidence and testimony for the limited purpose, on cross-examination of impeaching the credibility of appellants' testimony and not as substantive evidence." However, our review of the transcript does not disclose that plaintiffs requested such a change; moreover, the citation to the transcript provided by plaintiffs, which appears to be to an off-the-record bench discussion, shows that the issue being addressed by the court at that juncture of the proceedings pertained to the admissibility of evidence concerning the plaintiffs' financial circumstances and that the issue of the admissibility of disability benefits did not arise until later in the proceedings. Moreover, as we recently held in *Pouncey v. Adams*, 206 Ga. App. 126 (1), 127 (424 SE2d 376) (1992), "[w]here an error in the giving of a charge or in the admission or exclusion of evidence relates only to the issue of damages, and the jury finds the defendant not liable, the error is harmless because it does not affect the verdict. *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (1) (378 SE2d 510) [(1989)]; accord *Barnes v. Wall*, 201 Ga. App. 228, 230 (3) (411 SE2d 270) [(1991)]."

4. Contrary to plaintiffs' final contention on appeal, the jury's verdict in favor of defendants was authorized by the evidence presented at trial. Consequently, this enumeration is without merit.

### Case No. A93A0395

5. Because of our affirmance of the judgment in Case No. A93A0394, it is unnecessary for us to address the error enumerated by cross-appellant Tokio Marine in Case No. A93A0395.

*Judgments affirmed. Birdsong, P. J., and Andrews, J., concur.*

---

[3] It appears that some of the problems here might have been obviated had the objectionable evidence been redacted from the documents prior to plaintiffs' extensive use of the documents at trial.

DECIDED JULY 2, 1993 —
RECONSIDERATION DENIED JULY 28, 1993 —

*David G. Chiodo & Associates, David G. Chiodo, R. Edward Furr, Jr., John J. O'Connell, Jr.,* for Dietz.

*Cooper & Associates, Gary M. Cooper,* for Becker.

*McLain & Merritt, M. David Merritt,* for Tokio Marine & Fire Ins. Co.